| Home | Case Search | Case | Attorney Search | E-File | Logout |
|------|-------------|------|-----------------|--------|--------|

Hello, Henry Pipes          Case Number: 2026-03385          Version 1.015.003

| Case Info | Litigants | Pleadings |
|-----------|-----------|-----------|

| Case Number | 2026-03385 | | Section/Division | C-10 |
|---|---|---|---|---|
| Case Title | LYCEE FRANCAIS INTERNATIONAL DE LA LOUISIANE versus AGENCE POUR L'ENSEIGNEMENT FRANCAISS A L'ETRANGER,AEFE A/K/A AGENCY FOR FRENCH EDUCATION ABROAD | | | |
| Case Type | Injunction | | | |
| Date Filed | 04/21/2026 | | Date Entered | 04/21/2026 |
| Category | Paying | | LASES | |
| Other | ☐ Under Appeal    ☑ Filing Fee Paid    ☐ Jury Requested    ☐ Jury Fee Paid | | | |
| Remarks | | | | |

About          Privacy          Help          Contact Us          Report Issue

**EXHIBIT A**

| Home | Case Search | Case | Attorney Search | E-File | Logout |

Hello, Henry Pipes          Case Number: 2026-03385          Version 1.015.003

| Case Info | Litigants | Pleadings | E-File New Pleading |

Pleading Category: All ▾    Results Per Page: 30 ▾

| Info | View | Filed | Entered | Description |
|---|---|---|---|---|
| (i) | 📋 | 05/01/2026 | 05/01/2026 | Other Motion Information EX PARTE MOTION TO EXTEND TEMPORARY RESTRAINING ORDER |
| (i) | 📋 | 04/22/2026 | 04/22/2026 | Temporary Restraining Order |
| (i) | 📋 | 04/22/2026 | 04/22/2026 | Citation and Service Copies of Petitions Issued - CLAUDIA SCHERER-EFFOSSE |
| (i) | 📋 | 04/22/2026 | 04/22/2026 | Citation and Service Copies of Petitions Issued - AGENCE POUR L'ENSEIGNEMENT FRANCAIS 'A L'ETRA |
| (i) | 📋 | 04/22/2026 | 04/22/2026 | Temporary Restraining Order |
| (i) | 📋 | 04/21/2026 | 04/21/2026 | Petition for Injunctive Relief VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY I |
| (i) | 🖨 | 04/21/2026 | 04/21/2026 | Exhibits (Paper) A-C |

About          Privacy          Help          Contact Us          Report Issue

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. 2026 - 03385                                    DIVISION: C

**LYCÉE FRANÇAIS INTERNATIONAL DE LA LOUISIANE**

**VERSUS**

**AGENCE POUR L'ENSEIGNEMENT FRANÇAIS À L'ÉTRANGER, AEFE a/k/a AGENCY FOR FRENCH EDUCATION ABROAD**

FILED:_____          _____

                                                        **DEPUTY CLERK**

**VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION**

**NOW INTO COURT**, through undersigned counsel, comes Petitioner, Lycée Français International de la Louisiane ("**Lycée Français**" or the "**School**"), which respectfully represents unto this Honorable Court the following:

**INTRODUCTION**

Lycée Français International de la Louisiane ("**Lycée Français**") is a free public charter school in the City of New Orleans and the only public school in the State of Louisiana to hold accreditation from the Agency for French Education Abroad ("AEFE"). Lycée Français seeks a Temporary Restraining Order to restrain AEFE from undertaking two immediate and irreparable actions: (1) requiring the school to produce an extensive array of documents by today, April 21, 2026, which would take at least 90 days to prepare an adequate and complete response and which the AEFE issued with only eight days' notice during the school's spring break period, and (2) conducting an on-site inspection on April 27 and 28, 2026, during the LEAP standardized testing period, which is the most important and consequential testing period of the academic year for Lycée Français and its students. These demands are not isolated events but rather the latest in a pattern of arbitrary and capricious conduct by AEFE directed at the school and its accreditation status.

As set forth more fully below, this pattern has included issuing an illegal probation decision, withdrawing it upon challenge, and reissuing a substantively identical decision under a retroactive legal basis. AEFE's conduct has already in part caused devastating harm, including the loss of 191 students and approximately $2.43 million in annual Minimum Foundation Program

1

("MFP") revenue, forced layoffs, and the closure of nine classes. AEFE now seeks to compound this harm by forcing the school to produce voluminous documents and submit to an intrusive on-site inspection during LEAP testing which is crucial to the school fulfilling its educational mission and would divert the school's already diminished resources away from its students during high-stakes standardized testing.

Lycée Français brings this Petition to restrain AEFE from enforcing its unreasonable document production deadline and from conducting an inspection during LEAP testing in order to preserve the educational interests of its students and the institutional viability of the school while the parties' substantive disputes are resolved. Importantly, Lycée Français has proposed an extension to produce the documents and offered an alternative dates upon which to conduct the inspection which has been rejected by the AEFE.

## PARTIES

1.

Plaintiff Lycée Français, formerly known as Lycée Français de la Nouvelle-Orléans, is a public charter school authorized and funded by the State of Louisiana pursuant to Louisiana Revised Statutes 17:3991 *et seq*. The school is located at 1601 Leonidas Street, New Orleans, Louisiana 70118, operates two campuses, and enrolls approximately 730 students across Pre-K through 12th grade. The school charges no tuition fees and is open to a diverse student body.

2.

Defendant AEFE is a French public establishment under the supervision of the French Ministry for Europe and Foreign Affairs. AEFE administers the global network of French educational institutions abroad and oversees accreditation processes for partner schools, including Lycée Français, pursuant to the French Education Code. AEFE conducts accreditation activities within the State of Louisiana. These activities include conducting on-site inspections of Lycée Français's campuses in New Orleans, receiving and evaluating enrollment data from the school, issuing accreditation decisions that directly affect the school's operations, reputation, and financial viability within Louisiana, and maintaining an ongoing partnership relationship with the school pursuant to a Collaboration Agreement which took effect on September 1, 2014.

2

## JURISDICTION AND VENUE

3.

Venue is proper in the Parish of Orleans because the school is domiciled in Orleans Parish, the accreditation activities at issue were performed and directed at the school's facilities in Orleans Parish, and the effects of defendant's challenged conduct are felt principally in Orleans Parish. La. Code Civ. Proc. art. 76.1.

4.

Personal jurisdiction over defendant is proper because defendant has purposefully directed substantial accreditation activities into the State of Louisiana. These activities include conducting on-site inspections of the school's New Orleans campuses, requiring the school to submit data and documentation, and issuing decisions that directly govern the school's ability to operate its French-accredited curriculum in Louisiana. Defendant has entered into a continuing partnership agreement with a Louisiana institution and exercises supervisory authority over that institution's educational programs. These contacts satisfy the requirements of Louisiana's long-arm statute, La. R.S. 13:3201, and the Due Process Clause.

## FACTUAL BACKGROUND

**A. Lycée Français and its students**

5.

Lycée Français is a free public charter school that serves a uniquely diverse student body in New Orleans. The School's student population comprises approximately 32% White, 29% African American, 27% Hispanic, and 12% students of other backgrounds.

6.

The School offers a bilingual French-American curriculum spanning Pre-K through 12th grade, including the French International Baccalaureate ("BFI"), the American High School Diploma, Advanced Placement courses, and Louisiana state assessments.

7.

Lycée Français is the only public school within AEFE's entire accreditation network. Every other AEFE-accredited institution is a private, tuition-charging school that pays substantial fees to AEFE for participation in the accreditation program. Lycée Français is a tuition-free public charter school.

3

8.

Approximately 60% of Lycée Français's students qualify for needs-based funding under the Louisiana Minimum Foundation Program formula. According to the Louisiana Department of Education's official October 1, 2025, enrollment data, 436 of the school's 731 total enrolled students are classified under the MFP's needs-based funding criteria.

9.

Despite serving this challenging population, Lycée Français has achieved outstanding academic results by any objective measure. In 2025, the Louisiana Department of Education awarded Lycée Francais its highest grade of "A," with a School Performance Score of 94.5, a dramatic improvement from 83.5 ("B") in 2024. Lycée Français earned the distinction of "Top Gains Honoree 2025," reflecting the greatest year-over-year improvement, and achieved a 92.2% cohort graduation rate.

10.

Lycée Français is the only public school in the State of Louisiana that offers an AEFE-accredited curriculum leading to the French baccalaureate. Every other AEFE-accredited school in the network is a private institution that charges substantial tuition and fees, including fees paid to AEFE itself for participation in the accreditation program. No other public or charter school in the state provides a comparable pathway. The loss or degradation of Lycée Français's AEFE accreditation would therefore leave students in Louisiana, particularly those in 10th and 11th grades currently preparing for the BFI, with no local alternative.

**B. The Partnership Agreement and Accreditation Framework**

11.

Lycée Français has held "Partner" status with AEFE pursuant to a head-office-to-head-office partnership agreement effective September 1, 2014. Accreditation constitutes official recognition of the school's conformity with the programs, values, and methods of the French educational system. This recognition allows the organization of French school examinations and, critically, underpins the school's ability to offer the BFI pathway. Lycée Français's teaching has been accredited for all levels, from preschool through 12th grade, and the school remains on the official list of accredited French educational establishments abroad.

4

## C. AEFE's Pattern of Arbitrary and Capricious Conduct

### a. The Illegal June 4, 2025, Probation Decision

12.

In March 2025, AEFE conducted an inspection of Lycée Français's campuses in New Orleans. The inspection was carried out exclusively under the framework established by an administrative note dated July 4, 2024. The resulting inspection report, dated April 30, 2025, was not made available to the school until October 2025, more than four months after AEFE acted upon it.

13.

On June 4, 2025, AEFE issued a decision placing Lycée Français on probationary year for all accredited classes, citing the July 4, 2024, administrative note as its legal basis. This decision was rendered without the school having been afforded any opportunity to review the inspection report or respond to the findings.

14.

The July 4, 2024, administrative note that served as the legal basis for the June 4, 2025, decision lacked normative authority under French administrative law and was legally incapable of supporting a probation decision. The French government itself recognized this deficiency by subsequently enacting Decree No. 2025-611 of July 2, 2025, which for the first time gave the probation mechanism a regulatory foundation, effective September 1, 2025, confirming that no valid legal basis existed at the time of the June 4 decision.

15.

On October 3, 2025, following a non-contentious appeal by the school, AEFE formally withdrew the June 4, 2025, decision pursuant to Article L. 243-3 of the Code of Relations between the Public and the Administration, thereby acknowledging the illegality of its original action.

### b. The Retaliatory December 5, 2025, Probation Decision

16.

On November 24, 2025, Lycée Français submitted a detailed right of reply to the March 2025 inspection report, identifying numerous factual inaccuracies and providing documented evidence in support. The school's right of reply identified errors concerning training departments,

5



student results, curricula, and standardized testing, as well as errors concerning safety plan filings, inclusion programs, and multiple other factual matters.

17.

Notwithstanding the school's detailed rebuttal, on December 5, 2025, a mere eleven days after receiving the right of reply, AEFE issued a new probation decision for all accredited classes. This decision substituted the legal basis (citing the newly enacted Articles R. 451-2 and R. 451-2-12 of the Education Code) while relying on the same March 2025 inspection findings that were the subject of the school's right of reply.

18.

The December 5, 2025, decision was issued without a new inspection, without an adversarial hearing, without effective consideration of the school's right of reply, and by retroactively applying new regulatory provisions while introducing new grievances never submitted to the school for comment. AEFE even cited the enrollment decline caused by its own illegal June 4 decision as evidence of institutional dysfunction.

## c. AEFE's Current Demands: Unreasonable Document Requirements And Inspection During Leap Testing

19.

AEFE has now escalated its arbitrary conduct by demanding that Lycée Français compile and submit an extensive list of documents by April 21, 2026, giving the school only eight days to comply. This eight-day window fell entirely within the School's spring break period, meaning that compliance would have required the school to recall staff from their scheduled break to assist with the compilation, translation, and production of documents. Given the volume of documents demanded, the requirement that all documents be translated into French with certified translations for official records, and the legal impossibility of producing certain documents such as a financial audit, compliance with this demand may take the school up to ninety (90) days. These demands, calibrated to the administrative capacity of well-resourced private schools with dedicated compliance staff – evidenced by the fact that the demands include tuition fee information – impose extraordinary burdens on a public charter school that has already been forced to reduce staff due to the financial devastation caused by defendant's prior illegal conduct.

FILED

2026 APR 21 PM 2:37

DIST. CIVIL
DIST. COURT

20.

Additionally, defendant has scheduled an on-site inspection on April 27 and 28, 2026, during the LEAP standardized testing period. LEAP (Louisiana Educational Assessment Program) is the state-mandated standardized assessment administered to Louisiana public school students. For Lycée Français, LEAP testing constitutes the single most important assessment window of the academic year, directly affecting the school's state performance scores, its "A" letter grade from the Louisiana Department of Education, and the academic futures of its students. Moreover, the school is engaged in continuous standardized testing from the present through the end of the 2025-2026 school year, making any inspection during this period disruptive to student achievement. The earliest reasonable window for an on-site inspection, and one that would not prejudice the school's students, would be late August or early September 2026, after the conclusion of the academic year and before the full demands of a new school term. The school has extensive plans in place to conduct successful LEAP testing, and student performance on these assessments determines the school's grade and ranking from the Louisiana Department of Education. Any diversion from the school's established testing protocols during this critical period would cause irreparable harm to both the students, who must be fully focused on their examinations, and the School, which is graded and ranked based on student performance.

21.

An inspection during the LEAP testing period would cause severe and disproportionate disruption to Lycée Français's students. The disruption would fall most heavily on the students who can least afford it: a diverse student body, the majority of whom qualify for needs-based funding, and who are dependent on the stability and focus that LEAP preparation demands. Students must be fully focused during LEAP testing, and the presence of an inspection team on campus, conducting classroom observations, interviewing teachers and administrators, and requiring the production of records, would divert the attention and resources of both students and staff away from the testing process. Defendant's insistence on this timing, in full knowledge of its disruptive effect, further evidences the arbitrary and unreasonable character of its conduct.

22.

On April 16, 2026, the school's French counsel Didier Sepho attempted to communicate these concerns directly to AEFE, formally opposing the scheduled inspection mission and the

7

unreasonable document production deadline by correspondence addressed to Bruno Eldin, Chef de département at AEFE. The correspondence detailed the legal and practical impossibilities of complying with the demands within the timeframe imposed, including the obligation to translate all documents into French, the legal impossibility of producing a certified financial audit under Louisiana law within the allotted time, and the conflict with LEAP testing. The school's counsel requested that AEFE fix a reasonable timeline for the production of documents and refrain from conducting the inspection during the LEAP testing period.

23.

On April 21, 2026, the school received responses from both Bruno Eldin and Catherine Biaggi, an Inspector General of Education, Sport, and Research assigned to conduct the inspection. Mr. Eldin confirmed that the inspection would proceed on April 27 and 28, 2026, as scheduled, acknowledging only that certain time slots might be adjusted to accommodate LEAP testing, but refusing to postpone the inspection itself. Mr. Eldin stated that it was the school's responsibility to propose schedule modifications to the inspectors. Ms. Biaggi transmitted the detailed two-day inspection program, which contemplates classroom observations, meetings with staff and students, facility tours, and other activities that would pervade the school's operations during the LEAP testing period. Neither response agreed to reschedule the inspection to a date outside the LEAP testing window, and neither response addressed the school's concerns regarding the unreasonable document production deadline.

24.

Defendant's refusal to reschedule the inspection or to extend the document production deadline, despite the school's good-faith efforts to resolve these issues directly, demonstrates that judicial intervention is the only means available to protect the school and its students from imminent and irreparable harm.

### d. The Strengths Identified in AEFE's Own Review

25.

Defendant's own accreditation decisions, including the contested December 5, 2025, decision, acknowledge substantial strengths in Lycée Français' program across the core accreditation criteria under Article R. 451-1 of the French Education Code, including governance

8

and leadership, educational project and community commitment, educational offerings and results, and premises and safety.

26.

These acknowledged strengths, combined with Lycée Français' objectively superior performance as measured by the Louisiana Department of Education (the very local educational authority whose assessments AEFE's own standards recognize), demonstrate that the School has substantially met the criteria for continued accreditation. Defendant's decision to place Lycée Français on probation despite these findings, without a proper investigation, and in the face of the school's documented corrections to the inspection report's factual errors, is the hallmark of arbitrary and capricious action.

**D. The Harm Caused by Defendant's Conduct**

27.

The probation decisions have inflicted devastating and quantifiable harm on the school, its students, and its employees.

28.

MFP revenue declined by approximately $2.43 million, representing an 18% reduction in total operating revenue. MFP funding constitutes more than 74% of Lycée Français' total operating budget.

29.

On January 30, 2026, the school was forced to implement immediate layoffs and eliminate positions to balance the current year's budget. Projected enrollment for the following year will require further reductions in teaching positions.

30.

The school experienced a dramatic increase in withdrawals following the probation decisions. Between January and May 2025, only six withdrawals were recorded. After the June 4, 2025, decision, withdrawals accelerated sharply, with 191 total students departing through January 2026. While multiple factors may influence enrollment, the timing and magnitude of the withdrawal surge is consistent with the probation decisions being a significant contributing cause of the enrollment decline.

9

FILED

2026 APR 21 PM 2:37

CLERK
DISTRICT COURT

31.

Students in 10th and 11th grades preparing for the French baccalaureate face an immediate threat to the continuity of their education. No other school in Louisiana offers an AEFE-accredited pathway to the French baccalaureate. For these students, who have dedicated as many as thirteen years to the French curriculum, the loss of accreditation would mean that their Lycée Français diploma would not be recognized by French universities or educational institutions, effectively rendering years of academic commitment and achievement without the culminating credential they were promised. The educational opportunity cultivated over more than a decade would be substantially and irreversibly diminished.

### REQUEST FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF

32.

In the absence of immediate injunctive relief, Lycée Français and its students will suffer irreparable harm that is already occurring and will intensify without judicial intervention. AEFE's actions threaten to permanently deprive Lycée Français of its accredited status and force the dismantling of the School's French baccalaureate program, which would permanently deprive students of the unique bilingual educational pathway they have pursued for years, and lead to the loss and departure of many of the school's teachers, staff, and students. AEFE's conduct amounts to an appropriation of the educational opportunity that Lycée Français' students have cultivated over as many as thirteen years of study. By threatening to strip the school's accreditation, AEFE would convert the value of each student's accumulated academic investment into a nullity, depriving students of the credential to which their years of coursework were directed.

Moreover, the relief sought herein is prohibitory in nature. Lycée Français asks this Court to order AEFE to refrain from violating the law, not to take affirmative action. Under Louisiana Code of Civil Procedure Article 3601(A), an injunction shall issue "in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law." Where the injunction sought merely prohibits a party from engaging in conduct that violates the law, the traditional requirement of demonstrating irreparable harm is relaxed. *Jurisich v. Jenkins*, 99-0076 (La. 10/19/99), 749 So.2d 597. The injunctive relief requested here asks only that AEFE not act in an arbitrary, capricious, and unlawful manner toward a Louisiana public

10

school and its students. The Court need not require a showing of irreparable harm beyond the ongoing legal violations themselves.

**A. Lycée Français Is Likely to Succeed on the Merits**

33.

Lycée Français has a strong likelihood of success on its claim that Defendant's accreditation conduct has been arbitrary, capricious, and unsupported by substantial evidence.

**a. Defendant's Decision Was Not Supported by Substantial Evidence**

34.

Defendant's own probation decision acknowledges substantial compliance with the core accreditation criteria, including governance, educational project, academic offerings, human resources, inclusion, and premises. The "points of vigilance" and "recommendations" cited in the decision largely relate to matters of internal governance structure that are governed by Louisiana law, which requires only a board of directors for charter schools and to subjective preferences that do not rise to the level of accreditation disqualifiers. Indeed, several of the governance requirements that AEFE seeks to impose, including mandating particular administrative structures and supervisory positions, would directly conflict with the autonomy protections afforded to Louisiana charter schools under La. R.S. 17:3996 and the school's charter agreement. AEFE cannot lawfully condition accreditation on a Louisiana public school's violation of the very state laws under which it operates.

35.

Moreover, the March 2025 inspection report that forms the evidentiary basis for the probation decision contains numerous factual errors that the school documented in its November 24, 2025, right of reply. These include the report's incorrect characterization of CODOFIL as recruiting only French-certified teachers, an erroneous statement that the Head of School is "appointed" by the Board of Directors rather than recruited through a selection process, inaccurate descriptions of LEAP testing scope, confusion between SAT and ACT examinations, an incorrect claim that no training department exists despite the school's Continuing Education Unit having been operational since 2022, and a factual error regarding the filing of the school's safety plan.

11

2021 APR 21 PM 2:38

DISTRICT COURT

36.

Lycée Français submitted comprehensive corrections to the factual record in its November 24, 2025, right of reply, yet defendant reissued the same probation decision without addressing or crediting those corrections.

37.

Furthermore, AEFE had continuously accredited Lycée Français for over a decade and the school remains on the official list of accredited establishments as of June 16, 2025. The conditions cited in the probation decision are not new developments but rather matters that existed during prior accreditation periods.

### b. Defendant Failed to Follow Its Own Procedures

38.

Defendant's conduct violated the most fundamental procedural requirements of fair and impartial accreditation review:

(a) The December 5, 2025, decision was issued without affording the School an adversarial hearing or effective opportunity to respond. This is a requirement under French administrative law principles, which mandate that unfavorable decisions be preceded by communication of grievances and adversarial exchange.

(b) No new inspection was conducted under the Decree No. 2025-611 framework before the December 5, 2025, decision was issued. The decision relied entirely on findings from the March 2025 inspection, which was conducted under a legal framework later determined to be invalid.

(c) The school's detailed right of reply, submitted November 24, 2025, was not effectively considered. The December 5 decision was issued only eleven days later, substantially repeating the same findings the school had rebutted.

(d) The December 5 decision introduced new elements, including the absence of the seconded headmaster, that were never part of the March 2025 inspection and were never submitted to the school for comment.

12



### c.  Defendant's Reliance on Self-Created Harm Is Arbitrary

39.

Perhaps the most striking evidence of arbitrary conduct is defendant's reliance on the enrollment decline, which was significantly driven by its own illegal June 4, 2025, decision, as a basis for the December 5, 2025, probation. AEFE withdrew the June 4 decision in October 2025 because it was illegal. It is fundamentally arbitrary and unreasonable for an accrediting body to penalize a school for consequences that flow from the accreditor's own unlawful act. As the school's counsel argued before the French courts, the administration "cannot rely on its own illegality to aggravate the situation of an administrated party or justify the maintenance of an unfavorable measure."

### d.  The Current Document Demands and Inspection Timing Are Unreasonable

40.

Defendant's current demands, requiring the compilation of an extensive document submission within only eight days during the school's spring break and scheduling an on-site inspection during the LEAP testing period, constitute further arbitrary and capricious conduct. The eight-day document production deadline would have forced the school to recall staff from spring break, and the inspection is scheduled during a period of continuous standardized testing that extends through the end of the school year, when the earliest reasonable inspection window would be late August or early September 2026.

41.

These demands are especially unreasonable in light of Lycée Français' reduced staffing capacity resulting from the layoffs forced by defendant's prior conduct.

### B.  Lycée Français Will Suffer Irreparable Harm Absent Injunctive Relief

42.

The irreparable harm to Lycée Français and its students is not speculative. It is already occurring and will intensify without judicial intervention.

43.

Lycée Français has already lost approximately $2.43 million in MFP revenue, been forced to lay off staff, and closed nine classes. If AEFE proceeds with its current course of action, including an inspection timed to interfere with LEAP testing and an unreasonable document

13

demand, and ultimately withdraws or further degrades Lycée Français' accreditation, the school will lose its ability to offer the French baccalaureate pathway, triggering a further cascade of withdrawals and potentially threatening the school's continued viability.

44.

The displacement of students constitutes irreparable harm that cannot be remedied by monetary damages. The students who will bear the consequences are not the children of families who can readily access AEFE's network of private, tuition-charging schools abroad. They are New Orleans children, the majority of whom qualify for needs-based funding, for whom Lycée Français represents a unique educational opportunity. Here, 117 high school students, including 40 in 11th grade and 39 in 12th grade actively preparing for the BFI, face the potential loss of their educational pathway with no alternative in the State of Louisiana. Students who have spent years in the French curriculum cannot simply transfer to a non-accredited program without losing the ability to sit for the French baccalaureate, a harm that is by definition irreversible.

45.

A school's reputation in the academic community would be permanently tainted even if it later prevailed on the merits. A subsequent court victory cannot erase the lasting stigma of probation from the minds of current and prospective families.

46.

An inspection during the LEAP testing period would directly impair student performance on the assessments that determine the school's state performance score and letter grade. LEAP testing is the most important testing period of the year for Louisiana public school students, and any diversion from the school's established testing protocols would cause irreparable harm to both the students, who need to be fully focused on their examinations, and the school, which has detailed plans in place to conduct successful LEAP testing and is graded and ranked by the Louisiana Department of Education based on student performance. Any resulting decline in test performance would be attributable to the inspection disruption, not to any actual deficiency in the school's program, and would further feed the narrative of institutional decline that Defendant's own actions have created. This harm, measured in the academic outcomes of hundreds of students, cannot be remedied after the fact.

14



## C. The Balance of Equities Favors Lycée Français

47.

The threatened injury to Lycée Français and its students vastly outweighs any harm to defendant from the issuance of injunctive relief. A temporary restraining order and preliminary injunction would simply preserve the status quo, Lycée Français' continued accreditation, while the substantive disputes are resolved. Defendant retains all of its supervisory and oversight powers. It is merely restrained from taking adverse action during the LEAP testing period and from imposing unreasonable compliance timelines.

48.

Defendant, by contrast, suffers no cognizable harm from maintaining Lycée Français' accredited status during the pendency of this action. The school has been continuously accredited for over a decade, remains on the official list of accredited establishments, and has achieved the highest performance grade from its domestic accrediting authority.

## D. The Public Interest Strongly Favors Injunctive Relief

49.

The public interest is overwhelmingly served by preserving Lycée Français' ability to educate its students without disruption. Lycée Français is a free public charter school that serves over 700 students in New Orleans, the majority of whom qualify for needs-based funding. It offers the only AEFE-accredited French baccalaureate program in the State of Louisiana and has earned the highest grade from the Louisiana Department of Education.

50.

The public interest is further served by protecting Lycée Français' students, students who are not served by AEFE's network of private, fee-paying schools abroad, from the disruptive effects of an improperly timed inspection during the LEAP testing period, the very assessment that measures their academic progress and holds the School accountable.

51.

The public interest is also served by requiring accrediting bodies to follow fair procedures, to base decisions on accurate evidence, and to refrain from penalizing institutions for consequences caused by the accreditor's own unlawful conduct.

15

2026 APR 21  PM 2:38

DISTRICT COURT

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner, the Lycée Français International de la Louisiane, respectfully prays that this Honorable Court:

A.    Issue a Temporary Restraining Order, effective immediately and without notice to defendant pursuant to La. C.C.P. arts. 3601(A) and 3603, or upon such notice as the Court deems appropriate, and thereafter a Preliminary Injunction, ordering defendant to refrain from violating Louisiana law and to:

1. Refrain from withdrawing, revoking, suspending, or otherwise adversely modifying Lycée Français' accreditation status during the pendency of this action.

2. Refrain from conducting any on-site inspection of Lycée Français' campuses during the LEAP standardized testing period and until after the conclusion of the 2025–2026 school year, so as not to interfere with, impede, or undermine the school's educational mission during the academic term.

3. Extend the deadline for Lycée Français to compile and submit any documents demanded by defendant in connection with the probationary review process to a date not less than ninety (90) days from the date of this Order, to allow the School adequate time to gather, translate, and produce the voluminous documentation demanded by defendant.

B.    Following a hearing on the merits, issue a Permanent Mandatory Injunction ordering defendant to:

1. Set aside the probation decision of December 5, 2025 as arbitrary, capricious, and unsupported by substantial evidence.

2. Conduct a new and proper inspection of Lycée Français in accordance with the procedural requirements of the applicable regulatory framework, at a time that does not interfere with LEAP or other standardized testing periods, with the earliest reasonable inspection window being late August or early September 2026, and with adequate advance notice and opportunity for the School to be heard.

3. Give full and fair consideration to Lycée Français' right of reply and corrective evidence before rendering any accreditation determination.

4. Refrain from relying on enrollment declines or other consequences caused by defendant's own prior illegal June 4, 2025 decision as a basis for any adverse accreditation action.

16

C.    Award Lycée Français its costs of court, including reasonable attorney's fees to the

extent permitted by law.

D.    Grant such other and further relief as this Court deems just and equitable.

Respectfully submitted:

ADAMS AND REESE LLP

Mark R. Beebe (#19478)
Lee C. Reid (#26481)
John F. Pontin V (#41378)
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
Mark.Beebe@arlaw.com
Lee.Reid@arlaw.com
Jack.Pontin@arlaw.com
*Attorneys for Plaintiff Lycée Français International de la Louisiane*

*Please Issue Citations via Louisiana Long Arm Service pursuant to La. R.S. 13:3201*

**Agence Pour L'enseignement Français À L'étranger, AEFE**
*Through its registered agent of service of process*
**Claudia Scherer-Effosse
23 Place de Catalogne
75014 Paris
France**

-or-

**Claudia Scherer-Effosse
4 Passage Colisee
93400 Saint-Ouen-Sur-Seine
France**

17

FILED

2026 APR 21 PM 2:38

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

CIVIL DISTRICT COURT

STATE OF LOUISIANA

NO. _____                                          DIVISION:

LYCÉE FRANÇAIS INTERNATIONAL DE LA LOUISIANE

VERSUS

AGENCE POUR L'ENSEIGNEMENT FRANÇAIS À L'ÉTRANGER, AEFE a/k/a
AGENCY FOR FRENCH EDUCATION ABROAD

FILED:_____          _____

                                                                        **DEPUTY CLERK**

**LA. CODE CIV. PROC. ARTICLE 3603 AFFIDAVIT OF NOTICE**

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, a Notary Public, in and for the Parish of Orleans,

duly commissioned and qualified, personally came and appeared:

**Mark R. Beebe,**

who, by me first duly sworn, did depose and say the following:

1.      I am a partner at the law firm of Adams and Reese LLP, representing the plaintiff, Lycée

Français International de la Louisiane ("**Lycée Français**") in the above-captioned matter.

2.      On April 16, 2026, the school's French counsel Samba Sidibe sent correspondence via

email to Bruno Eldin, Chef de département at the Agence pour l'Enseignement Français à

l'Étranger ("**AEFE**"), at the email address bruno.eldin@diplomatie.gouv.fr, formally opposing the

scheduled inspection mission of April 27 and 28, 2026, as well as the demand that the school

produce an extensive list of documents within eight days. The correspondence detailed the legal

and practical impossibilities of complying with AEFE's demands within the timeframe imposed,

including the obligation to translate all documents into French, the legal impossibility of producing

a certified financial audit under Louisiana law (La. R.S. 24:513) within the allotted time, and the

conflict with the LEAP standardized testing period. The correspondence requested that AEFE fix

a reasonable timeline for document production and refrain from conducting the inspection during

the LEAP testing period. A true and correct copy of this correspondence along with an English

translation is attached hereto as Exhibit "A."

3.     On April 21, 2026, AEFE responded through two separate communications. Bruno Eldin sent a response via email confirming that the inspection would proceed on April 27 and 28, 2026, as scheduled, acknowledging only that certain time slots might be adjusted to accommodate LEAP testing but refusing to postpone the inspection itself. Mssr. Eldin stated that it was the school's responsibility to propose schedule modifications to the inspectors. A true and correct copy of this response along with English translation is attached hereto as Exhibit "B." Separately, Catherine Biaggi, Inspector General of Education, Sport, and Research, transmitted via email to the school the detailed two-day inspection program for April 27 and 28, 2026, confirming that the inspection would proceed as planned. Neither response agreed to reschedule the inspection to a date outside the LEAP testing window, and neither response addressed the school's concerns regarding the unreasonable document production deadline. A true and correct copy of this response along with English translation is attached hereto as Exhibit "C."

4.     A copy of the *Verified Petition for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction* (the "**Petition**") was sent to AEFE through Bruno Eldin via email at bruno.eldin@diplomatie.gouv.fr today and before being filed with the Court. Undersigned also spoke at approximately 11:20 a.m. CDT directly with Mssr. Bruno Eldin and explained that Lycée Français was seeking a Temporary Restraining Order relating to the document production and inspection. I inquired whether he had counsel to whole he would like us to direct the notice and pleadings. He responded he did not, including that AEFE does not yet have counsel in the United States.

5.     A notice of the Temporary Restraining Order will be served upon AEFE through Bruno Eldin via email at bruno.eldin@diplomatie.gouv.fr once it is signed and issued by the Court.

MARK R. BEEBE

Sworn to and subscribed before me,
Notary, this 21st day of April, 2026.

Notary Public

John F. Pontin V
Notary Public, ID #210667
Jefferson Parish
My Commission Is for Life



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.                                                    DIVISION:

LYCÉE FRANÇAIS INTERNATIONAL DE LA LOUISIANE

VERSUS

AGENCE POUR L'ENSEIGNEMENT FRANÇAIS À L'ÉTRANGER, AEFE a/k/a
AGENCY FOR FRENCH EDUCATION ABROAD

FILED:_____        _____

DEPUTY CLERK

TEMPORARY RESTRAINING ORDER

Considering the foregoing *Verified Petition for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction* ("**Petition**") filed by plaintiff, Lycée Français International De La Louisiane ("**Lycée Français**"), the supporting affidavits and exhibits filed in support of and in conjunction with the Petition; and

Considering that a temporary restraining order may be issued in this matter without notice and a hearing and because there is a significant and real risk of immediate and irreparable injury or harm to Lycée Français before the adverse party or its counsel can be heard in opposition:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Lycée Français' request for issuance of a temporary restraining order is **GRANTED** as stated herein.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that until such time as the Court rules on, Lycée Français' request for a preliminary injunction, the defendant, Agence Pour L'enseignement Français À L'étranger, Aefe a/k/a Agency for French Education Abroad ("**AEFE**"), is prohibited from:

> (a) Conducting any on-site inspection of Lycée Français's campuses, including the inspection scheduled for April 27 and 28, 2026, during the LEAP standardized testing period and until after the conclusion of the 2025–2026 school year, so as not to interfere with, impede, or undermine the School's educational mission and the academic performance of its students during the most critical assessment period of the academic year.

(b) Enforcing the deadline of April 21, 2026, or any other deadline of fewer than ninety (90) days from the date of this Order, for Lycée Français to compile, translate, and submit any documents demanded by Defendant in connection with the probationary review process or any accreditation-related proceeding, so as to allow the School adequate time to gather, translate, and produce the voluminous documentation demanded by Defendant given the School's reduced staffing, the volume and translation requirements involved, and the legal constraints on the production of certain documents under Louisiana law.

(c) Withdrawing, revoking, suspending, or otherwise adversely modifying Lycée Français' accreditation status, or taking any adverse accreditation action against Lycée Français, during the pendency of this Order.

**IT IS HEREBY FURTHER ORDERED** that Lycée Français submit security in the amount of $ _____ to be deposited in the registry of this Court on or before _____, 2026;

**IT IS HEREBY FURTHER ORDERED** that the Lycée Français' request for a preliminary injunction be and is hereby set for hearing on the _____ day of _____, 2026, at _____:_____ _____.m. and that defendant, AEFE appear at that time and show cause as to why Lycée Français' request for a preliminary injunction should not be granted as prayed for pending a trial on the merits of this action;

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Temporary Restraining Order shall remain in full force and effect for ten (10) days and may be extended as contemplated by the Louisiana Code of Civil Procedure for 10-day increments thereafter as necessary to accomplish this purpose.

**SO ORDERED** this _____ day of April, 2026, at _____:_____ _____.m. in New Orleans, Louisiana.

_____

DISTRICT COURT JUDGE

2026 APR 21  PM 2: 38

### CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO.                                                                      DIVISION:

### LYCÉE FRANÇAIS INTERNATIONAL DE LA LOUISIANE

### VERSUS

### AGENCE POUR L'ENSEIGNEMENT FRANÇAIS À L'ÉTRANGER, AEFE a/k/a AGENCY FOR FRENCH EDUCATION ABROAD

FILED:_____            _____

                                                           **DEPUTY CLERK**

### VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned notary public, personally came and appeared **Dr. Chase McLaurin** ("**Affiant**"), who, by me first duly sworn, did depose and say that he serves as the CEO and School Superintendent of Lycée Français International De La Louisiane ("Lycée Français"), that he has read the above and foregoing *Verified Petition for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction* (the "Petition"), and that the factual allegations contained therein are true and correct to the best of his knowledge, information, and belief.

Affiant further did depose and say that Lycée Français will suffer immediate and irreparable harm if the injunctive relief sought in the Petition is not granted.

_____

DR. CHASE MCLAURIN

Sworn to and subscribed before me,

Notary, this 20th day of April, 2026.

_____

Notary Public

John F. Pontin V
Notary Public, ID #210667
Jefferson Parish
My Commission is for Life

**David Ker III**

| | |
|---|---|
| **From:** | Avocat Samba SIDIBE <ssidibeavocat@orange.fr> |
| **Sent:** | Thursday, April 16, 2026 12:52 PM |
| **To:** | bruno eldin |
| **Cc:** | jean-noel.barrot@diplomatie.gouv.fr; Jack Pontin; Mark Beebe; dsepho; Lee Reid; cmclaurin; tmathieu; laurent.bili@diplomatie.gouv.fr; rodolphe sambou; georgina.morat@diplomarie.gouv.fr; annick.bonnet@diplomatie.gouv.fr; eric playout; rozeen.le-guennec@dipomatie.gouv.fr; fanny.lemesle@education.gouv.fr; sophie.tardy@igesr.gouv.fr |
| **Subject:** | Réponse à votre correspondance du 13 avril 2026 — Opposition à la mission d'inspection et contestation de la régularité de l'instruction. |

Monsieur le Chef de département,

Je suis le Conseil du Lycée Français International de la Louisiane (LFIL).

Ma cliente accuse réception de votre correspondance en date du 13 avril 2026 par laquelle vous entendez diligenter une mission d'inspection au sein du LFIL les 27 et 28 avril prochains, tout en lui enjoignant de produire une liste exhaustive de pièces sous un délai de huit jours.

L'établissement est au regret de devoir s'opposer formellement à cette mission ainsi qu'au calendrier de régularisation imposé, dont la précipitation méconnaît tant la réalité matérielle de l'établissement que les principes fondamentaux de la procédure administrative. L'opposition de ma cliente s'appuie sur le raisonnement juridique suivant.

En premier lieu, sur le fondement du principe de spécialité des procédures, l'ouverture d'une période de probation sous le régime de l'article R. 451-2-12 du Code de l'éducation et de l'article 8 de l'arrêté du 25 août 2025 suspend l'application du régime de contrôle général prévu par l'article R. 451-2-2 du Code de l'éducation.

En effet, l'article R. 451-2-2 vise une inspection ayant pour objet de contrôler d'éventuels manquements aux dispositions de l'article R. 451-2 par un établissement homologué, tandis que le régime de probation (article R. 451-2-12) a pour objet exclusif de vérifier la rectification de manquements déjà formellement actés. Par conséquent, **une inspection ne peut légalement avoir pour fondement l'article R. 451-2-2 dès lors que l'établissement est déjà soumis au cadre contraignant et spécifique de la probation visée par l'article R. 451-2-12.**

En deuxième lieu, alors que le LFIL est placé sous le régime spécial de la probation depuis la décision du 5 décembre 2025, vous imposez, dans votre courriel du 13 avril, une inspection sur le fondement de l'article R. 451-2-2 et fixer un délai de 8 jours pour le dépôt de pièces. En agissant ainsi, **vous tentez de substituer une procédure de contrôle général à une procédure probatoire** dont vous n'ignorez pas l'incomplétude matérielle et juridique.

En troisième lieu, cette substitution procédurale soulève une interrogation majeure : s'agit-il de l'aveu, par vos services, de l'abandon de la procédure probatoire pour tenter de régulariser, par une inspection *ex post*, une décision du 5 décembre 2025 dont le fondement matériel est manifestement vicié ? Si tel est le cas, le recours à l'article R. 451-2-2 ne constituerait pas seulement une erreur de droit, mais un détournement de procédure caractérisé visant à pallier rétroactivement l'absence d'inspection préalable à la décision de probation susvisée.

Toutefois, je veux croire que telle n'est pas votre intention et que l'administration ne saurait se rendre coupable d'une manœuvre aussi manifestement dévoyée. Dès lors, dans le respect de l'article R. 451-2-12 du Code de l'éducation et de l'article 8 de l'arrêté du 25 août 2025, il vous appartient de fixer **un délai raisonnable** pour la réception des pièces, lequel doit impérativement tenir compte des contraintes suivantes :

1. L'obligation de traduction : L'annexe 1 de l'arrêté du 25 août 2025 impose au LFIL que tout document rédigé en langue étrangère soit accompagné d'une traduction française, certifiée pour les documents officiels. La production et la certification de tels volumes documentaires en 8 jours est matériellement impossible.

1

**EXHIBIT A**

2. L'impossibilité légale liée à l'audit financier : Bien que l'exercice FY25 soit clos, l'impossibilité de fournir un audit certifié demeure entière au 14 avril 2026 en raison des délais légaux impératifs de l'État de Louisiane (R.S. 24:513). Votre demande de documents « disponibles » s'apparente à une injonction à produire des pièces juridiquement inexistantes à cette date.

À ces moyens s'ajoute une impossibilité matérielle absolue de programmer une inspection sur le fondement des articles R. 451-2-12 du Code de l'éducation et de l'article 8 de l'arrêté du 25 août 2025 (et même sur le fondement de l'article R. 451-2-2 si vous persistiez en ce sens), due à la tenue d'examens scolaires de l'État de Louisiane et obligatoires (LEAP Test du 27 avril au 6 mai). La bonne tenue de ces épreuves exige une mobilisation totale de nos équipes et une sérénité des locaux incompatible avec une mission d'inspection. Diligenter une telle mission durant cette phasme critique porterait préjudice aux candidats et constituerait un manquement à votre propre mission de garant de la qualité et du bon fonctionnement du service public de l'éducation.

En conséquence, le LFIL ne pourra accueillir la mission programmée en avril et vous enjoint de fixer un calendrier de régularisation conforme aux textes.

Pour votre information, la présente correspondance, ainsi que votre lettre du 13 avril 2026, seront versées comme pièces essentielles à la procédure au fond actuellement pendante devant le tribunal administratif de Paris.

Je vous prie d'agréer, Monsieur le Chef de département, l'expression de ma considération distinguée.

# Samba SIDIBE

*Avocat à la Cour - Ancien Secrétaire de la Conférence*

*Docteur en Droit*

*Diplômé de Sciences-Po Paris*

*Mandataire en transaction immobilière*

*Certifié en Ingénierie des Modes Amiables des Règlements des Différends*

30, rue Raymond Berrurier – 78320 – Le Mesnil Saint Denis

Téléphone : 01.30.51.15.90 – Fax : 09.71.70.34.75. Mobile : 06.18.60.44.10

Palais Toque n°695

sidibe.avocat.fr - ssidibeavocat@orange.fr - contact@sidibe.avocat.fr

CONFIDENTIEL

Les informations et/ou fichiers joints sont strictement confidentiels et, le cas échéant, couverts et protégés par le secret professionnel. En toute hypothèse, le contenu de ce courriel et des documents y annexé n'est destiné qu'à la ou les personne(s) ou l'entreprise dont le(s) nom(s) est / sont mentionné(s) en destinataire. Si ce mail et les documents y annexés sont reçus par erreur, merci de les détruire et de prévenir, par tous moyens, l'expéditeur, étant précisé que toute copie, divulgation ou diffusion est strictement interdite sous peine de poursuites.

Information and/or attached files are strictly confidential and may be covered and protected under professional secrecy. In every case, the content of this mail is only for the eyes of the person(s) and/or the company whose name(s) is/are mentioned in the addressee. If received in error, please destroy immediately and notify the expeditor by any means. Any reproduction or disclosure is strictly prohibited and may lead to legal suits.

Reply to your correspondence of April 13, 2026 — Opposition to the inspection mission and contestation of the regularity of the investigation.

Avocat Samba SIDIBE <ssidibeavocat@orange.fr>

Translated   Show Original   Translation preferences

Mr. Head of Department,

I am the Council of the Lycee Français International de la Louisiana (LFIL)

My client acknowledges receipt of your correspondence dated April 13, 2026 in which you intend to carry out an inspection mission within the LFIL on April 27 and 28, while ordering it to produce an exhaustive list of documents within eight days

The institution regrets to have to formally oppose this mission as well as the imposed regularization schedule, the haste of which disregards both the material reality of the establishment and the fundamental principles of the administrative procedure. My client's objection is based on the following legal reasoning.

Firstly, on the basis of the principle of speciality of proceedings, the opening of a probation period under Article R. 451-2-12 of the Education Code and Article 8 of the Decree of 25 August 2025 suspends the application of the general control regime provided for by Article R. 451-2-2 of the Education Code.

Indeed, Article R. 451-2-2 refers to an inspection whose purpose is to check possible breaches of the provisions of Article R. 451-2 by an approved establishment, while the probation regime (Article R. 451-2-12) has the exclusive purpose of verifying the rectification of breaches that have already been formally recorded Consequently, an inspection cannot legally be based on Article R. 451-2-2 when the establishment is already subject to the restrictive and specific framework of probation referred to in Article R. 451-2-12.

Secondly, while the LFIL has been placed under the special probation regime since the decision of 5 December 2025, you impose, in your email of 13 April, an inspection on the basis of Article R. 451-2-2 and set a deadline of 8 days for the submission of documents. By acting in this way, you are trying to substitute a general control procedure for an evidentiary procedure, the material and legal incompleteness of which you are aware

*Thirdly, this procedural substitution raises a major question: is it an admission, by your services, of the abandonment of the evidentiary procedure in an attempt to regularize, by an ex post inspection, a decision of 5 December 2025 whose material basis is manifestly flawed? If that is the case, recourse to Article R. 451-2-2 would not only constitute an error of law, but a clear misuse of procedure aimed at retroactively compensating for the absence of inspection prior to the above-mentioned probation decision*

However, I would like to believe that this is not your intention and that the administration cannot be guilty of such a manifestly misguided manoeuvre. Therefore, in compliance with Article R. 451-2-12 of the Education Code and Article 8 of the Decree of 25 August 2025, it is up to you to set a reasonable period of time for the receipt of the documents, which must unperatively take into account the following constraints.

1   The obligation to translate: Annex 1 of the decree of 25 August 2025 requires LFIL that any document written in a foreign language be accompanied by a French translation, certified for official documents The production and certification of such documentary volumes in 8 days is materially impossible

2   The legal impossibility related to the financial audit: Although fiscal year FY25 has closed, the inability to provide a certified audit remains intact as of April 14, 2026 due to the mandatory legal deadlines of the State of Louisiana (R.S. 24 513) Your request for "available" documents is similar to an injunction to produce documents that did not legally exist on that date

In addition to these means, it is absolutely materially impossible to schedule an inspection on the basis of Articles R. 451-2-12 of the Education Code and Article 8 of the Decree of August 25, 2025 (and even on the basis of Article R. 451-2-2 if you persist in this regard), due to the holding of mandatory school exams in the State of Louisiana (LEAP Test from April 27 to May 6). The proper conduct of these tests requires the total mobilization of our teams and the serenity of the premises that is incompatible with an inspection mission. To carry out such a mission during this critical stick insect would be detrimental to the candidates and would constitute a breach of your own mission as guarantor of the quality and proper functioning of the public education service.

As a result, the LFIL will not be able to host the mission scheduled for April and enjoins you to set a regularization schedule in accordance with the texts

For your information, this correspondence, as well as your letter of 13 April 2026, will be placed as essential documents in the proceedings on the merits currently pending before the Administrative Court of Paris

Please accept, Mr. Head of Department, the expression of my distinguished consideration.

2026 APR 21 PM 2:30
CIVIL DISTRICT COURT

Reply to your correspondence of April 13, 2026 — Opposition to the inspection mission and contestation of the regularity of the investigation.



Avocat Samba SIDIBE <ssidib:eavocat@orange.fr>

↩ Reply   ↩ Reply All   → Forward   ▥   …

Thu 4/16/2026 12:53 PM

To   bruno eldin

jean-noel.barrot@diplomatie.gouv.fr;   Jack Pontin;   Mark Beebe;   dtepho ● Lee René;   emclaurin;   tmath eu;   laurent.hili@diplomatie.gouv.fr;   rodolphe tambou;   georgina.morat@diplomatie.gouv.fr
annuck.hornet@diplomatie.gouv.fr;   eric.playout;   rozeen.le-guennec@diplomatie.gouv.fr;   fanny.lemesle@education.gouv.fr;   sophie.tardy@igesr.gouv.fr

文A Translated   Show Original   Translation preferences

*Thirdly, this procedural substitution raises a major question: is it an admission, by your services, of the abandonment of the evidentiary procedure in an attempt to regularize, by an ex post inspection, a decision of 5 December 2025 whose material basis is manifestly flawed? If that is the case, recourse to Article R. 451-2-2 would not only constitute an error of law, but a clear misuse of procedure aimed at retroactively compensating for the absence of inspection prior to the above-mentioned probation decision.*

However, I would like to believe that this is not your intention and that the administration cannot be guilty of such a manifestly misguided manoeuvre. Therefore, in compliance with Article R. 451-2-12 of the Education Code and Article 8 of the Decree of 25 August 2025, it is up to you to set a reasonable period of time for the receipt of the documents, which must imperatively take into account the following constraints:

1. The obligation to translate: Annex 1 of the decree of 25 August 2025 requires LFIL that any document written in a foreign language be accompanied by a French translation, certified for official documents. The production and certification of such documentary volumes in 8 days is materially impossible.
2. The legal impossibility related to the financial audit: Although fiscal year FY25 has closed, the inability to provide a certified audit remains intact as of April 14, 2026 due to the mandatory legal deadlines of the State of Louisiana (R.S. 24:513). Your request for "available" documents is similar to an injunction to produce documents that did not legally exist on that date.

In addition to these merits, it is absolutely materially impossible to schedule an inspection on the basis of Articles R. 451-2-12 of the Education Code and Article 8 of the Decree of August 25, 2025 (and even on the basis of Article R. 451-2-2 if you persist in this regard), due to the holding of mandatory school exams in the State of Louisiana (LEAP Test from April 27 to May 6). The proper conduct of these tests requires the total mobilization of our teams and the serenity of the premises that is incompatible with an inspection mission. To carry out such a mission during this critical stick insect would be detrimental to the candidates and would constitute a breach of your own mission as guarantor of the quality and proper functioning of the public education service.

As a result, the LFIL will not be able to host the mission scheduled for April and enjoins you to set a regularization schedule in accordance with the texts.

For your information, this correspondence, as well as your letter of 13 April 2026, will be placed as essential documents in the proceedings on the merits currently pending before the Administrative Court of Paris.

Please accept, Mr. Head of Department, the expression of my distinguished consideration.


**Samba SIDIBE**

*Advocate - Former Secretary of the Conference*

*Doctor of Law*

*Graduated from Sciences-Po Paris*

*Real Estate Transaction Agent*

*Certified in Dispute Resolution Amicable Engineering*

30, rue Raymond Barreaux – 78320 – Le Mesnil Saint Denis

Telephone: 01.30.51.15.90 – Fax: 09 73 70 34.75. Mobile: 06 18 60 44.10

**David Ker III**

| | |
|---|---|
| **From:** | BRUNO ELDIN <bruno.eldin@education.gouv.fr> |
| **Sent:** | Monday, April 20, 2026 9:09 AM |
| **To:** | Tiguida Mathieu |
| **Cc:** | McLaurin; CATHERINE BIAGGI; MORAT Georgina; thibault.bladek@villa-albertine.org; ANNA-LIVIA SUSINI-COLLOMB; SOPHIE TARDY; LE GUENNEC Rozenn; mina.fadli@aefe.fr; SAMBOU Rodolphe; laurent.bili@diplomatie.gouv.fr |
| **Subject:** | RE: mission d'inspection dans le cadre de l'homologation |

Madame la proviseure adjointe

Votre message du 13 avril ayant été adressé à une adresse « diplomatie.gouv.fr » qui n'est plus celle correspondant à mes fonctions, je n'en ai eu connaissance qu'indirectement.

Je vous confirme que conformément aux dispositions du code de l'éducation, les services de l'Etat ont prévu de diligenter une mission d'inspection les 27 et 28 avril prochain dans le cadre d'une campagne dont les modèles de documents sont en ligne sur la plateforme d'homologation depuis la rentrée scolaire 2025 à l'ensemble des établissements.

Nous avons bien pris note que certains élèves et personnels seraient potentiellement mobilisés sur certains créneaux par le LEAP Test (qui s'inscrit dans une fenêtre potentielle de plusieurs semaines du 1er avril au 15 mai, cependant). Il vous appartient de communiquer aux inspectrices vos propositions susceptibles de modifier l'organisation de certains créneaux horaires de la mission pour l'adapter.

Il convient de rappeler que nous n'avons à aucun moment demandé un « audit financier certifié », ni à votre établissement, ni à aucun autre d'ailleurs, mais uniquement de fournir toutes informations sur « les modalités de financement et de certification des comptes ».

Pour le reste, nous vous renvoyons utilement à nos précédents courriels -en particulier celui du 13 avril 2026 vous invitant à nous transmettre les pièces et informations manquantes-, aux ordonnances de référé rendues par le tribunal administratif de Paris et à l'article 3 i. de l'accord de partenariat de 2014 qui vous lie à l'AEFE.

Cordialement,

---
Bruno ELDIN
Chef du département de l'internationalisation et de la valorisation du système scolaire (DIVSS)
Délégation aux relations européennes et internationales et à la coopération (DREIC)
Tel : 01 55 55 73 15  ou 06 11 56 32 33
110 rue de Grenelle
75357 Paris 07 SP

1

**EXHIBIT B**



**MINISTÈRES
ÉDUCATION
JEUNESSE
SPORTS
ENSEIGNEMENT
SUPÉRIEUR
RECHERCHE**
*Liberté
Égalité
Fraternité*

Délégation aux relations
européennes et internationales
et à la coopération



**De :** Tiguida Mathieu <tmathieu@lfno.org>
**Envoyé :** lundi 20 avril 2026 11:38
**À :** CATHERINE BIAGGI <catherine.biaggi@igesr.gouv.fr>
**Cc :** McLaurin <cmclaurin@lfno.org>; MORAT Georgina <georgina.morat@diplomatie.gouv.fr>; thibault.bladek@villa-albertine.org; ANNA-LIVIA SUSINI-COLLOMB <anna-livia.susini-collomb@igesr.gouv.fr>; BRUNO ELDIN <bruno.eldin@education.gouv.fr>; SOPHIE TARDY <sophie.tardy@igesr.gouv.fr>; LE GUENNEC Rozenn <rozenn.le-guennec@diplomatie.gouv.fr>; mina.fadli@aefe.fr; SAMBOU Rodolphe <rodolphe.sambou@diplomatie.gouv.fr>; laurent.bili@diplomatie.gouv.fr
**Objet :** Re: mission d'inspection dans le cadre de l'homologation

Madame l'Inspectrice générale,

Je me permets de vous transmettre la réponse de notre conseil, en date du jeudi 16 avril, adressée à Monsieur Eldin au sujet de l'annonce de l'inspection prévue les 27 et 28 avril 2026.

Je vous remercie de bien vouloir en prendre connaissance.

Nous demeurons dans l'attente d'une reponse de M. Eldin a cette correspondance.

Je vous prie d'agréer, Madame l'Inspectrice générale, l'expression de mes salutations respectueuses.

## Réponse à votre correspondance du 13 avril 2026 — Opposition à la mission d'inspection et contestation de la régularité de l'instruction.

Monsieur le Chef de département,

Je suis le Conseil du Lycée Français International de la Louisiane (LFIL).

Ma cliente accuse réception de votre correspondance en date du 13 avril 2026 par laquelle vous entendez diligenter une mission d'inspection au sein du LFIL les 27 et 28 avril prochains, tout en lui enjoignant de produire une liste exhaustive de pièces sous un délai de huit jours.

L'établissement est au regret de devoir s'opposer formellement à cette mission ainsi qu'au calendrier de régularisation imposé, dont la précipitation méconnaît tant la réalité matérielle de l'établissement que les principes fondamentaux de la procédure administrative. L'opposition de ma cliente s'appuie sur le raisonnement juridique suivant.

2

En premier lieu, sur le fondement du principe de spécialité des procédures, l'ouverture d'une période de probation sous le régime de l'article R. 451-2-12 du Code de l'éducation et de l'article 8 de l'arrêté du 25 août 2025 suspend l'application du régime de contrôle général prévu par l'article R. 451-2-2 du Code de l'éducation.

En effet, l'article R. 451-2-2 vise une inspection ayant pour objet de contrôler d'éventuels manquements aux dispositions de l'article R. 451-2 par un établissement homologué, tandis que le régime de probation (article R. 451-2-12) a pour objet exclusif de vérifier la rectification de manquements déjà formellement actés. Par conséquent, **une inspection ne peut légalement avoir pour fondement l'article R. 451-2-2 dès lors que l'établissement est déjà soumis au cadre contraignant et spécifique de la probation visée par l'article R. 451-2-12.**

En deuxième lieu, alors que le LFIL est placé sous le régime spécial de la probation depuis la décision du 5 décembre 2025, vous imposez, dans votre courriel du 13 avril, une inspection sur le fondement de l'article R. 451-2-2 et fixer un délai de 8 jours pour le dépôt de pièces. En agissant ainsi, **vous tentez de substituer une procédure de contrôle général à une procédure probatoire** dont vous n'ignorez pas l'incomplétude matérielle et juridique.

En troisième lieu, cette substitution procédurale soulève une interrogation majeure : s'agit-il de l'aveu, par vos services, de l'abandon de la procédure probatoire pour tenter de régulariser, par une inspection *ex post*, une décision du 5 décembre 2025 dont le fondement matériel est manifestement vicié ? Si tel est le cas, le recours à l'article R. 451-2-2 ne constituerait pas seulement une erreur de droit, mais un détournement de procédure caractérisé visant à pallier rétroactivement l'absence d'inspection préalable à la décision de probation susvisée.

Toutefois, je veux croire que telle n'est pas votre intention et que l'administration ne saurait se rendre coupable d'une manœuvre aussi manifestement dévoyée. Dès lors, dans le respect de l'article R. 451-2-12 du Code de l'éducation et de l'article 8 de l'arrêté du 25 août 2025, il vous appartient de fixer **un délai raisonnable** pour la réception des pièces, lequel doit impérativement tenir compte des contraintes suivantes :

1. L'obligation de traduction : L'annexe 1 de l'arrêté du 25 août 2025 impose au LFIL que tout document rédigé en langue étrangère soit accompagné d'une traduction française, certifiée pour les documents officiels. La production et la certification de tels volumes documentaires en 8 jours est matériellement impossible.
2. L'impossibilité légale liée à l'audit financier : Bien que l'exercice FY25 soit clos, l'impossibilité de fournir un audit certifié demeure entière au 14 avril 2026 en raison des délais légaux impératifs de l'État de Louisiane (R.S. 24:513). Votre demande de documents « disponibles » s'apparente à une injonction à produire des pièces juridiquement inexistantes à cette date.

À ces moyens s'ajoute une impossibilité matérielle absolue de programmer une inspection sur le fondement des articles R. 451-2-12 du Code de l'éducation et de l'article 8 de l'arrêté du 25 août 2025 (et même sur le fondement de l'article R. 451-2-2 si vous persistiez en ce sens), due à la tenue d'examens scolaires de l'État de Louisiane et obligatoires (LEAP Test du 27 avril au 6 mai). La bonne tenue de ces épreuves exige une mobilisation totale de nos équipes et une sérénité des locaux incompatible avec une mission d'inspection. Diligenter une telle mission durant cette phasme critique porterait préjudice aux candidats et constituerait un manquement à votre propre mission de garant de la qualité et du bon fonctionnement du service public de l'éducation.

En conséquence, le LFIL ne pourra accueillir la mission programmée en avril et vous enjoint de fixer un calendrier de régularisation conforme aux textes.

Pour votre information, la présente correspondance, ainsi que votre lettre du 13 avril 2026, seront versées comme pièces essentielles à la procédure au fond actuellement pendante devant le tribunal administratif de Paris.

Je vous prie d'agréer, Monsieur le Chef de département, l'expression de ma considération distinguée.

# Samba SIDIBE

*Avocat à la Cour - Ancien Secrétaire de la Conférence*

*Docteur en Droit*

*Diplômé de Sciences-Po Paris*

3

*Mandataire en transaction immobilière*

*Certifié en Ingénierie des Modes Amiables des Règlements des Différends*

30, rue Raymond Berrurier – 78320 – Le Mesnil Saint Denis

Téléphone : 01.30.51.15.90 – Fax : 09.71.70.34.75. Mobile : 06.18.60.44.10

Palais Toque n°695

sidibe.avocat.fr - ssidibeavocat@orange.fr - contact@sidibe.avocat.fr

CONFIDENTIEL

*Les informations et/ou fichiers joints sont strictement confidentiels et, le cas échéant, couverts et protégés par le secret professionnel. En toute hypothèse, le contenu de ce courriel et des documents y annexé n'est destiné qu'à la ou les personne(s) ou l'entreprise dont le(s) nom(s) est / sont mentionné(s) en destinataire. Si ce mail et les documents y annexés sont reçus par erreur, merci de les détruire et de prévenir, par tous moyens, l'expéditeur, étant précisé que toute copie, divulgation ou diffusion est strictement interdite sous peine de poursuites.*

*Information and/or attached files are strictly confidential and may be covered and protected under professional secrecy. In every case, the content of this mail is only for the eyes of the person(s) and/or the company whose name(s) is/are mentioned in the addressee. If received in error, please destroy immediately and notify the expeditor by any means. Any reproduction or disclosure is strictly prohibited and may lead to legal suits.*

On Mon, Apr 20, 2026 at 3:48 AM CATHERINE BIAGGI <catherine.biaggi@igesr.gouv.fr> wrote:

Monsieur le superintendent,

Madame la deputy superintendent,

nous vous prions de trouver le programme de la visite d'inspection dans le cadre de l'homologation du Lycée Français international de la Louisiane.

Nous vous rappelons que la visite se déroulera les 27 et 28 avril 2026.

Ce programme pourrait être adapté en fonction des contraintes de votre établissement que vous nous ferez savoir au plus tôt, le cas échéant.

Dans l'attente de votre retour, sachez que nous sommes à votre écoute,

veuillez recevoir monsieur le superintendent, l'expression de nos meilleurs sentiments.

Catherine Biaggi et Mina Fadli

4

**Catherine Biaggi**

Inspectrice Générale de l'Education, du Sport et de la Recherche

Collège Expertise Disciplinaire et Pédagogique, groupe histoire-géographie

110 rue de Grenelle 75357 Paris SP 07

Site : 1 rue Descartes 75005 Paris

06.81.80.53.91

06.26.12.49.04





RÉPUBLIQUE FRANÇAISE
*Liberté*
*Égalité*
*Fraternité*

IGÉSR INSPECTION GÉNÉRALE DE L'ÉDUCATION, DU SPORT ET DE LA RECHERCHE

--

*Deputy Superintendent - Representative of French Affairs*
Lycée Français International de la Louisiane

2026 APR 21  PM 2:39

CIVIL
DISTRICT COURT



The information contained in this email is confidential and is intended only for the use of the individual(s) named above or 'copied' below. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this document is strictly prohibited. If you have received this document in error, please immediately destroy the received email document in its entirety and notify the sender.

## RE: Inspection mission in the context of the approval

 BRUNO ELDIN <bruno.eldin@education.gouv.fr>

To    Tiguida Mathieu

Cc    McLaunn;   CATHERINE BIAGGI;   MORAT Georgina,   thibault.bladek@villa-albertine.org;   ANNA-LIVIA SUSINI-COLI OMB;   SOPHIE TARDY,   LE GUENNEC Rozenn,
      mina.fadli@aefe.fr;   SAMBOU Rodolphe;   laurent.bil @diplomatie.gouv.fr

↩ Reply   ↩ Reply All   → Forward   ···
Mon 4/20/2026 9:09 AM

(i) Click here to download pictures. To help protect your privacy, Outlook prevented automatic download of some pictures in this message.

 Translated   Show Original   Translation preferences

**Madam Deputy Principal**

As your message of 13 April was sent to a "diplomatie.gouv.fr" address which is no longer the one corresponding to my duties, I was only indirectly aware of it.

I can confirm that in accordance with the provisions of the Education Code, the State services have planned to carry out an inspection mission on 27 and 28 April as part of a campaign whose document templates have been online on the accreditation platform since the start of the 2025 school year for all schools.

We have taken note that some students and staff would potentially be mobilized in certain slots by the LEAP Test (which is part of a potential window of several weeks' on April 1 to May 15, however). It is your responsibility to communicate to the inspectors your proposals likely to modify the organisation of certain time slots of the mission in order to adapt it.

It should be remembered that we have not at any time asked for a "certified financial audit", neither from your institution, nor from any other for that matter, but only to provide any information on "the terms of financing and certification of the accounts".

For the rest, we usefully refer you to our previous emails -in particular the one of April 13, 2026 inviting you to send us the missing documents and information-. to the interim orders issued by the Administrative Court of Paris and to Article 3 I. of the 2014 partnership agreement which binds you to the AEFE.

Sincerely,

Bruno ELDIN
Head of the Department of Internationalization and Enhancement of the School System (DIVSS)
Delegation for European and International Relations and Cooperation (DREIC)
Tel  01 55 55 73 15 or 06 11 55 32 33
110 rue de Grenelle
75357 Paris 07 SP

**MINISTÈRES**
**ÉDUCATION**
**JEUNESSE**
**SPORTS**
**ENSEIGNEMENT**
**SUPÉRIEUR**
**RECHERCHE**

Délégation aux relations
européennes et internationales
et à la coopération



## David Ker III

| | |
|---|---|
| **From:** | CATHERINE BIAGGI <catherine.biaggi@igesr.gouv.fr> |
| **Sent:** | Monday, April 20, 2026 3:48 AM |
| **To:** | McLaurin; tmathieu@lfno.org |
| **Cc:** | MORAT Georgina; thibault.bladek@villa-albertine.org; ANNA-LIVIA SUSINI-COLLOMB; BRUNO ELDIN; SOPHIE TARDY; LE GUENNEC Rozenn; mina.fadli@aefe.fr |
| **Subject:** | mission d'inspection dans le cadre de l'homologation |
| **Attachments:** | Programme visite Homologation - Nouvelle Orléans.DEF.docx |

Monsieur le superintendent,
Madame la deputy superintendent,

nous vous prions de trouver le programme de la visite d'inspection dans le cadre de l'homologation du Lycée Français international de la Louisiane.
Nous vous rappelons que la visite se déroulera les 27 et 28 avril 2026.

Ce programme pourrait être adapté en fonction des contraintes de votre établissement que vous nous ferez savoir au plus tôt, le cas échéant.

Dans l'attente de votre retour, sachez que nous sommes à votre écoute,
veuillez recevoir monsieur le superintendent, l'expression de nos meilleurs sentiments.

Catherine Biaggi et Mina Fadli

**Catherine Biaggi**

Inspectrice Générale de l'Education, du Sport et de la Recherche
Collège Expertise Disciplinaire et Pédagogique, groupe histoire-géographie

110 rue de Grenelle 75357 Paris SP 07
Site : 1 rue Descartes 75005 Paris

06.81.80.53.91
06.26.12.49.04



**RÉPUBLIQUE FRANÇAISE**
*Liberté*
*Égalité*
*Fraternité*



IGÉSR INSPECTION GÉNÉRALE DE L'ÉDUCATION, DU SPORT ET DE LA RECHERCHE

EXHIBIT C



## Inspection mission in the context of approval

CATHERINE BIAGGI <catherine.biaggi@igesr.gouv.fr>
To      McLaurin;    tmathieu@lfno.org
Cc      MORAT Georgina;    thibault.bladek@villa-albertine.org;    ANNA-LIVIA SUSINI-COLLOMB;    BRUNO ELDIN;    SOPHIE TARDY;    LE GUENNEC Rozenn;
        mina.fadli@aefe.fr

Programme visite Homologation - Nouvelle Orléans.DEF.docx
4 MB

Translated    Show Original    Translation preferences

Monsieur lesuperintendent,
Madame la deputy superintendent,

please find the program of the Inspection visit as part of the accreditation of the Lycée Français International de la Louisiane.
We remind you that the visit will take place on April 27 and 28, 2026.

This program could be adapted according to the constraints of your institution, which you will let us know as soon as possible, if necessary.

Looking forward to your return, please know that we are at your disposal,
Please accept, Mr. Superintendent, the expression of our best wishes.

Catherine Biaggi and Mina Fadli

Catherine Biaggi

Inspector General of Education, Sport and Research
College of Disciplinary and Pedagogical Expertise, History-Geography Group

110 rue de Grenelle 75357 Paris SP 07
Site: 1 rue Descartes 75005 Paris

06.81.00.53.91
06 26 12 49 04


**RÉPUBLIQUE FRANÇAISE**
*Liberté*
*Égalité*
*Fraternité*


IGÉSR  INSPECTION GÉNÉRALE
DE L'ÉDUCATION, DU SPORT
ET DE LA RECHERCHE

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

| NO: 2026-03385 | DIVISION: C | SECTION: 10 |
|---|---|---|

| | |
|---|---|
| **LYCEE FRANCAIS INTERNATIONAL DE LA LOUISIANE**<br>**Versus**<br>**AGENCE POUR L'ENSEIGNEMENT FRANCAISS A L'ETRANGER,AEFE A/K/A AGENCY FOR FRENCH EDUCATION ABROAD** | _____ \_\_\_\_/ENTERED/_____<br>PAPER                                    RETURN<br>_____/_____/_____<br>SERIAL NO.:      DEPUTY      PARISH |

## RESTRAINING ORDER

TO:        AGENCE POUR L'ENSEIGNEMENT FRANCAIS A L'ETRANGER, AEFE

THROUGH:    ITS REGISTERED AGENT OF SERVICE OF PROCESS, CLAUDIA SCHERER-EFFOSSE

               23 PLACE DE CATALOGNE, PARIS FRANCE, PF 75014

GREETINGS: WHEREAS, it has been represented unto us in our said District Court on the part of **LYCEE FRANCAIS INTERNATIONAL DE LA LOUISIANE in a VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION** lately exhibited against you touching certain matters and things therein set forth; and, Whereas, the Honorable **Sidney H. Cates IV**, a Judge of our said Court, upon due consideration thereof, has made and allowed an order in said cause, whereby you are required to show cause on the **6th** day of **May, 2026** at **9:00** o'clock **AM** why an injunction should not issue as prayed for in said **VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION** ; And Whereas, the said Judge has granted and allowed an order restraining you **AGENCE POUR L'ENSEIGNEMENT FRANCAIS A L'ETRANGER, AEFE** immediately and forthwith and during the pendency of said motion for an injunction to the full extent and effect as prayed for in said **VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION.**

Now, therefore, in consideration of the premises and of the allegations in said **VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION** contained, you, the said **AGENCE POUR L'ENSEIGNEMENT FRANCAIS A L'ETRANGER, AEFE** , your agents, attorneys, and servants and each of you are hereby commanded and strictly enjoined under the penalty of law, that you and each of you absolutely refrain and desist from **(A) CONDUCTING ANY ON-SITE INSPECTION OF LYCÉE FRANÇAIS'S CAMPUSES, INCLUDING THE INSPECTION SCHEDULED FOR APRIL 27 AND 28, 2026, DURING THE LEAP STANDARDIZED TESTING PERIOD AND UNTIL AFTER THE CONCLUSION OF THE 2025-2026 SCHOOL YEAR, SO AS NOT TO INTERFERE WITH, IMPEDE, OR UNDERMINE THE SCHOOL'S EDUCATIONAL MISSION AND THE ACADEMIC PERFORMANCE OF ITS STUDENTS DURING THE MOST CRITICAL ASSESSMENT PERIOD OF THE ACADEMIC YEAR.**

**(B) ENFORCING THE DEADLINE OF APRIL 21, 2026, OR ANY OTHER DEADLINE OF FEWER THAN NINETY (90) DAYS FROM THE DATE OF THIS ORDER, FOR LYCEE FRANCAIS TO COMPILE, TRANSLATE, AND SUBMIT ANY DOCUMENTS DEMANDED BY DEFENDANT IN CONNECTION WITH THE PROBATIONARY REVIEW PROCESS OR ANY ACCREDITATION-RELATED PROCEEDING, SO AS TO ALLOW THE SCHOOL ADEQUATE TIME TO GATHER, TRANSLATE, AND PRODUCE THE VOLUMINOUS DOCUMENTATION DEMANDED BY DEFENDANT GIVEN THE SCHOOL'S REDUCED STAFFING, THE VOLUME AND TRANSLATION REQUIREMENTS INVOLVED, AND THE LEGAL CONSTRAINTS ON THE PRODUCTION OF CERTAIN DOCUMENTS UNDER LOUISIANA LAW.**

**(C) WITHDRAWING, REVOKING, SUSPENDING, OR OTHERWISE ADVERSELY MODIFYING LYCEE FRANCAIS' ACCREDITATION STATUS, OR TAKING ANY ADVERSE ACCREDITATION ACTION AGAINST LYCEE FRANCAIS, DURING THE PENDENCY OF THIS ORDER.**
And that you the said **AGENCE POUR L'ENSEIGNEMENT FRANCAIS A L'ETRANGER, AEFE** your

agents, attorneys, and servants and each of you remain so inhibited and restrained until the further order of our said Court in the premises.

Witness the Honorables **Kern A. Reese, Sidney H. Cates IV, Bernadette D'Souza, Monique E. Barial, D. Nicole Sheppard, Ellen M. Hazeur, Omar Mason, Jennifer Medley, Lori Jupiter, Marissa A. Hutabarat, Veronica E. Henry, LaKeisha N. Jefferson, Yolanda Y. Grinstead, Pro Tempore, and Terri F. Love, Pro Tempore**, Judges of the said Court of the City of New Orleans, LA, this **22nd** day of **April** in the year of our Lord, **2026**.

Issued at the request of:
**Beebe, Mark R 19478**

Amber Darby, Deputy Clerk
CHELSEY RICHARD NAPOLEON,
CLERK OF COURT

**ATTORNEY'S NAME:**    Beebe, Mark R 19478
**AND ADDRESS:**    701 Poydras St Ste 4500 , New Orleans, LA 70139

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

**NO: 2026-03385**                **DIVISION: C**                **SECTION: 10**

### LYCEE FRANCAIS INTERNATIONAL DE LA LOUISIANE

**Versus**

## AGENCE POUR L'ENSEIGNEMENT FRANCAISS A L'ETRANGER,AEFE A/K/A AGENCY FOR FRENCH EDUCATION ABROAD

### CITATION - LONG ARM

TO:                AGENCE POUR L'ENSEIGNEMENT FRANCAIS 'A L'ETRANGER, AEFE

THROUGH:    THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT OF SERVICE OF PROCESS, CLAUDIA SCHERER-EFFOSSE
23 PLACE DE CATALOGNE, PARIS FRANCE, PF 75014

**YOU HAVE BEEN SUED:** You are ordered to show cause **May 6, 2026** at **9:00 AM** as prescribed in the annexed copy of petitions prayed for and according to law.

You must either comply with the demand contained in the

VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112, within thirty (30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEI: ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA April 22, 2026**

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by _____**
**Amber Darby, Deputy Clerk**

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION | VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION |
| ON AGENCE POUR L'ENSEIGNEMENT FRANCAIS 'A L'ETRANGER, AEFE | ON AGENCE POUR L'ENSEIGNEMENT FRANCAIS 'A L'ETRANGER, AEFE |
| THROUGH: THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT OF SERVICE OF PROCESS, CLAUDIA SCHERER-EFFOSSE | THROUGH: THE LOUISIANA LONG ARM STATUTE  ITS REGISTERED AGENT OF SERVICE OF PROCESS, CLAUDIA SCHERER-EFFOSSE |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said AGENCE POUR L'ENSEIGNEMENT FRANCAIS 'A L'ETRANGER, AEFE being absent from the domicile at time of said service. |
| _____ No. _____ | |
| Deputy Sheriff of _____ | Returned the same day |
| Mileage: $ _____ | _____ No. _____ |
| _____ / ENTERED /_____ | Deputy Sheriff of _____ |
| PAPER            RETURN | |
| _____/_____/_____ | |
| SERIAL NO.      DEPUTY      PARISH | |

ATTORNEY'S NAME:    Beebe, Mark R 19478
AND ADDRESS:        701 Poydras St Ste 4500 , New Orleans, LA 70139

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2026-03385 | DIVISION: C | SECTION: 10 |
|---|---|---|

### LYCEE FRANCAIS INTERNATIONAL DE LA LOUISIANE

Versus

### AGENCE POUR L'ENSEIGNEMENT FRANCAISS A L'ETRANGER,AEFE A/K/A AGENCY FOR FRENCH EDUCATION ABROAD

### CITATION - LONG ARM

TO:          CLAUDIA SCHERER-EFFOSSE

THROUGH:     THE LOUISIANA LONG ARM STATUTE

             4 PASSAGE COLISEE, 93400 SAINT-OUEN-SUR-SEINE, FRANCE, PF X

**YOU HAVE BEEN SUED:** You are ordered to show cause **May 6, 2026** at **9:00 AM** as prescribed in the annexed copy of petitions prayed for and according to law.

You must either comply with the demand contained in the

VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112, within thirty (30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA April 22, 2026**

**Clerk's Office, Room 402
Civil Courts Building
421 Loyola Avenue
New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by
Amber Darby, Deputy Clerk**

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION** | **VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION** |
| ON **CLAUDIA SCHERER-EFFOSSE** | ON **CLAUDIA SCHERER-EFFOSSE** |
| THROUGH: **THE LOUISIANA LONG ARM STATUTE** | THROUGH: **THE LOUISIANA LONG ARM STATUTE** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **CLAUDIA SCHERER-EFFOSSE** being absent from the domicile at time of said service. |
| _____ No. _____ | |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| PAPER          RETURN | Deputy Sheriff of _____ |
| _____ / _____ / _____ | |
| SERIAL NO.    DEPUTY    PARISH | |

ID: 11843765                    Page 1 of 1

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

| | |
|---|---|
| **NO: 2026-03385** | **DIVISION: C**        **SECTION: 10** |

| | |
|---|---|
| **LYCEE FRANCAIS INTERNATIONAL DE LA LOUISIANE** | _____/ENTERED/_____ |
| **Versus** | PAPER            RETURN |
| **AGENCE POUR L'ENSEIGNEMENT FRANCAISS A L'ETRANGER,AEFE A/K/A AGENCY FOR FRENCH EDUCATION ABROAD** | _____/_____/_____<br>SERIAL NO.:    DEPUTY    PARISH |

### RESTRAINING ORDER

TO:      CLAUDIA SCHERER-EFFOSSE

4 PASSAGE COLISEE, 93400 SAINT-OUEN-SUR-SEINE, FRANCE, PF X

GREETINGS: WHEREAS, it has been represented unto us in our said District Court on the part of **LYCEE FRANCAIS INTERNATIONAL DE LA LOUISIANE** in a **VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION** lately exhibited against you touching certain matters and things therein set forth; and, Whereas, the Honorable **Sidney H. Cates IV**, a Judge of our said Court, upon due consideration thereof, has made and allowed an order in said cause, whereby you are required to show cause on the **6th** day of **May, 2026** at **9:00** o'clock **AM** why an injunction should not issue as prayed for in said **VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION** ; And Whereas, the said Judge has granted and allowed an order restraining you **CLAUDIA SCHERER-EFFOSSE** immediately and forthwith and during the pendency of said motion for an injunction to the full extent and effect as prayed for in said **VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION.**

Now, therefore, in consideration of the premises and of the allegations in said **VERIFIED PETITION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION** contained, you, the said **CLAUDIA SCHERER-EFFOSSE**, your agents, attorneys, and servants and each of you are hereby commanded and strictly enjoined under the penalty of law, that you and each of you absolutely refrain and desist from **(A) CONDUCTING ANY ON-SITE INSPECTION OF LYCÉE FRANÇAIS'S CAMPUSES, INCLUDING THE INSPECTION SCHEDULED FOR APRIL 27 AND 28, 2026, DURING THE LEAP STANDARDIZED TESTING PERIOD AND UNTIL AFTER THE CONCLUSION OF THE 2025-2026 SCHOOL YEAR, SO AS NOT TO INTERFERE WITH, IMPEDE, OR UNDERMINE THE SCHOOL'S EDUCATIONAL MISSION AND THE ACADEMIC PERFORMANCE OF ITS STUDENTS DURING THE MOST CRITICAL ASSESSMENT PERIOD OF THE ACADEMIC YEAR.**

**(B) ENFORCING THE DEADLINE OF APRIL 21, 2026, OR ANY OTHER DEADLINE OF FEWER THAN NINETY (90) DAYS FROM THE DATE OF THIS ORDER, FOR LYCEE FRANCAIS TO COMPILE, TRANSLATE, AND SUBMIT ANY DOCUMENTS DEMANDED BY DEFENDANT IN CONNECTION WITH THE PROBATIONARY REVIEW PROCESS OR ANY ACCREDITATION-RELATED PROCEEDING, SO AS TO ALLOW THE SCHOOL ADEQUATE TIME TO GATHER, TRANSLATE, AND PRODUCE THE VOLUMINOUS DOCUMENTATION DEMANDED BY DEFENDANT GIVEN THE SCHOOL'S REDUCED STAFFING, THE VOLUME AND TRANSLATION REQUIREMENTS INVOLVED, AND THE LEGAL CONSTRAINTS ON THE PRODUCTION OF CERTAIN DOCUMENTS UNDER LOUISIANA LAW.**

**(C) WITHDRAWING, REVOKING, SUSPENDING, OR OTHERWISE ADVERSELY MODIFYING LYCEE FRANCAIS' ACCREDITATION STATUS, OR TAKING ANY ADVERSE ACCREDITATION ACTION AGAINST LYCEE FRANCAIS, DURING THE PENDENCY OF THIS ORDER.**
And that you the said **CLAUDIA SCHERER-EFFOSSE** your agents, attorneys, and servants and each of you remain so inhibited and restrained until the further order of our said Court in the premises.

Witness the Honorables **Kern A. Reese, Sidney H. Cates IV, Bernadette D'Souza, Monique E. Barial,**

**D. Nicole Sheppard, Ellen M. Hazeur, Omar Mason, Jennifer Medley, Lori Jupiter, Marissa A. Hutabarat, Veronica E. Henry, LaKeisha N. Jefferson, Yolanda Y. Grinstead, Pro Tempore, and Terri F. Love, Pro Tempore,** Judges of the said Court of the City of New Orleans, LA, this **22nd** day of **April** in the year of our Lord, **2026**.

Amber Darby, Deputy Clerk
CHELSEY RICHARD NAPOLEON,
CLERK OF COURT

Issued at the request of:
**Beebe, Mark R 19478**

Method of Delivery: John Portin, Attorney

FILED

2026 MAY -1 PM 12: 48

CIVIL

DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO.    2026-03385                                                                    DIVISION: "C-10"

**LYCÉE FRANÇAIS INTERNATIONAL DE LA LOUISIANE**

**VERSUS**

**AGENCE POUR L'ENSEIGNEMENT FRANÇAIS À L'ÉTRANGER, AEFE a/k/a**
**AGENCY FOR FRENCH EDUCATION ABROAD**

FILED:_____         _____

                                                                **DEPUTY CLERK**

**_EX PARTE_ MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

NOW INTO COURT, through undersigned counsel, comes Petitioner, Lycée Français International de la Louisiane ("Lycée Français"), which respectfully moves this Honorable Court for an order extending the Temporary Restraining Order ("TRO") issued on April 21, 2026, for an additional period not to exceed ten (10) days pursuant to Louisiana Code of Civil Procedure Article 3604(A), and in support thereof represents the following:

**FACTUAL BACKGROUND**

On April 21, 2026, this Court granted Lycée Français' Verified Petition for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction and issued a TRO restraining defendant, Agence pour l'Enseignement Français à l'Étranger ("AEFE"), from, among other things, conducting any on-site inspection of Lycée Français' campuses during the LEAP standardized testing period, enforcing unreasonable document production deadlines, and withdrawing, revoking, suspending, or otherwise adversely modifying Lycée Français' accreditation status.

The TRO was issued for a period of ten (10) days and, by its terms, expires today, May 1, 2026. This Court scheduled the hearing on Lycée Français' request for a preliminary injunction for May 6, 2026, which falls beyond the ten-day effective period of the TRO.

**LAW AND ARGUMENT**

Louisiana Code of Civil Procedure Article 3604(A) provides that a temporary restraining order, "for good cause shown, and at any time before its expiration, may be extended by the court for one or more periods not exceeding ten days each.

First, the preliminary injunction hearing has been scheduled by this Court for May 6, 2026, which is five days beyond the expiration of the current TRO. Without an extension, the TRO will

1

FILED

2026 MAY -1 PM 12: 48

CIVIL
DISTRICT COURT

lapse before the Court has the opportunity to hear Lycée Français' request for preliminary injunctive relief, leaving the school and its students without protection from the very harms this Court found warranted immediate relief.

Second, Lycée Français has engaged AEFE in settlement discussions and is actively seeking to resolve this matter without further litigation. These discussions are ongoing and an extension of the TRO is necessary to preserve the status quo while the parties continue their efforts toward resolution.

Third, under Article 3604(A), the party against whom the TRO is directed may consent to an extension for a longer period. Lycée Français has attempted to contact AEFE to obtain its consent to an extension of the TRO. However, today, May 1, 2026, is a national holiday in France (Fête du Travail, or Workers' Day), and counsel for Lycée Français has been unable to reach AEFE or its representatives to discuss or obtain consent to the extension. This inability to communicate with AEFE, through no fault of Lycée Français, constitutes additional good cause for the Court to extend the TRO on an *ex parte* basis.

Fourth, the grounds supporting the original issuance of the TRO remain in full force. AEFE's pattern of arbitrary and capricious conduct, including the issuance of an illegal probation decision, the imposition of unreasonable document production demands, and the scheduling of an inspection during LEAP testing, continues to threaten irreparable harm to Lycée Français and its students.

Finally, the balance of equities continues to favor Lycée Français. An extension of the TRO merely preserves the status quo and AEFE's continued accreditation of Lycée Français while the substantive disputes are resolved. AEFE suffers no cognizable harm from maintaining the school's accredited status during the pendency of this action.

**WHEREFORE**, Lycée Français International de la Louisiane, respectfully prays that this Honorable Court issue an order extending the Temporary Restraining Order issued on April 21, 2026, for an additional period not to exceed ten (10) days pursuant to Louisiana Code of Civil Procedure Article 3604(A), or until the hearing on Lycée Français' request for a preliminary injunction, whichever occurs first, that the bond previously posted in connection with the TRO shall remain in full force and effect, and for all further relief as the Court deems just and equitable.

*[Signature block on next page]*

2

FILED

2026 MAY -1  PM 12: 48

Respectfully submitted:

CIVIL

ADAMS AND REESE DISTRICT COURT

Mark R. Beebe (#19478)
Lee C. Reid (#26481)
John F. Pontin V (#41378)
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
Mark.Beebe@arlaw.com
Lee.Reid@arlaw.com
Jack.Pontin@arlaw.com
*Attorneys for Plaintiff Lycée Français International de la Louisiane*

**Please Issue Citation via Louisiana Long Arm Service**
**pursuant to La. R.S. 13:3201**

**Agence Pour L'enseignement Français À L'étranger, AEFE**
*Through its registered agent of service of process*
**Claudia Scherer-Effosse**
**4 Passage Colisee**
**93400 Saint-Ouen-Sur-Seine**
**France**

3

FILED

2026 MAY -1  PM 12: 49

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

CIVIL

**STATE OF LOUISIANA**          DISTRICT COURT

NO.   2026-03385                                    DIVISION: "C-10"

**LYCÉE FRANÇAIS INTERNATIONAL DE LA LOUISIANE**

**VERSUS**

**AGENCE POUR L'ENSEIGNEMENT FRANÇAIS À L'ÉTRANGER, AEFE a/k/a
AGENCY FOR FRENCH EDUCATION ABROAD**

FILED:_____       _____

                                                              **DEPUTY CLERK**

**TEMPORARY RESTRAINING ORDER**

Considering the foregoing *Verified Petition for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction* ("**Petition**") filed by plaintiff, Lycée Français International De La Louisiane ("**Lycée Français**"), the supporting affidavits and exhibits filed in support of and in conjunction with the Petition; and

Considering that a temporary restraining order may be issued in this matter without notice and a hearing and because there is a significant and real risk of immediate and irreparable injury or harm to Lycée Français before the adverse party or its counsel can be heard in opposition:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Lycée Français' request for issuance of a temporary restraining order is **GRANTED** as stated herein.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that until such time as the Court rules on, Lycée Français' request for a preliminary injunction, the defendant, Agence Pour L'enseignement Français À L'étranger, Aefe a/k/a Agency for French Education Abroad ("**AEFE**"), is prohibited from:

> (a) Conducting any on-site inspection of Lycée Français's campuses, including the inspection scheduled for April 27 and 28, 2026, during the LEAP standardized testing period and until after the conclusion of the 2025–2026 school year, so as not to interfere with, impede, or undermine the School's educational mission and the academic performance of its students during the most critical assessment period of the academic year.

> (b) Enforcing the deadline of April 21, 2026, or any other deadline of fewer than ninety (90) days from the date of this Order, for Lycée Français to compile, translate, and submit any documents demanded by Defendant in connection with the probationary review process or any accreditation-related proceeding, so as to allow the School adequate time to gather, translate, and produce the voluminous documentation demanded by Defendant given the School's reduced staffing, the volume and

1

VERIFIED

Civil District Court for the
Parish of Orleans, State of Louisiana

No. 2026-03385    Div. C-10

Lycée Français International de la Louisiane versus Agence pour L'Enseignment Francais A. L'Etranger, AEFE a/k/a Agency for French Education Abroad

**FILED**
2026 MAY -1 PM 12:49
CIVIL
DISTRICT COURT

translation requirements involved, and the legal constraints on the production of certain documents under Louisiana law.

(c) Withdrawing, revoking, suspending, or otherwise adversely modifying Lycée Français' accreditation status, or taking any adverse accreditation action against Lycée Français, during the pendency of this Order.

**IT IS HEREBY FURTHER ORDERED** that Lycée Français submit security in the amount of $ __500.00__ to be deposited in the registry of this Court on or before _____ __April 21__, 2026;

**IT IS HEREBY FURTHER ORDERED** that the Lycée Français' request for a preliminary injunction be and is hereby set for hearing on the 6th day of May, 2026, at 9:00 a.m. and that defendant, AEFE appear at that time and show cause as to why Lycée Français' request for a preliminary injunction should not be granted as prayed for pending a trial on the merits of this action;

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Temporary Restraining Order shall remain in full force and effect ~~for ten (10) days~~ until May 7, 2026  MEB and may be extended as contemplated by the Louisiana Code of Civil Procedure for 10-day increments thereafter as necessary to accomplish this purpose.

**SO ORDERED** this __1st__ day of May, 2026, at __2__:__06__ __p__.m. in New Orleans, Louisiana.

SIGNED ELECTRONICALLY

_____
HONORABLE JUDGE ~~SIDNEY H. CATES IV~~
DISTRICT COURT JUDGE
**Monique E. Barial
Judge, Division D**

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

VERIFIED

2