REPUBLIQUE FRANCAISE
AU NOM DU PEUPLE FRANCAIS

Tribunal Administratif de Paris
N° 2600095

Lecture du mardi 20 janvier 2026

undefined

Vu la procédure suivante :

Par une requête, enregistrée le 3 janvier 2026, le lycée français international de la Louisiane, représenté par Me Sidide, demande à la juge des référés :

1°) de suspendre, sur le fondement de l'article L. 521-1 du code de justice administrative, l'exécution de la décision du ministre de l'éducation nationale et du ministre de l'Europe et des affaires étrangères du 5 décembre 2025 plaçant le lycée français international de la Louisiane en année probatoire sur le fondement des articles R. 451-2 et R. 451-2-12 du code de l'éducation, jusqu'à ce qu'il soit statué au fond sur la légalité de cette décision ;

2°) de mettre à la charge de l'Etat le somme de 8 000 euros au titre des dispositions de l'article L. 761-1 du code de justice administrative, et de réserver les dépens.

Il soutient que :

Sur l'urgence :

- la décision contestée porte une atteinte grave et immédiate à la situation économique et financière du lycée français international de la Louisiane, alors que les effets économiques de la décision du 4 juin 2025 sont établis, cette première décision de placement en année probatoire, ayant entraîné une baisse significative des inscriptions pour l'année scolaire 2025-2026, de nature à entraîner une diminution du financement public du lycée, directement indexé sur le nombre d'élèves inscrits ; en outre, la décision contestée a accentué la dynamique de la dégradation économique déjà engagée, en dissuadant de nouvelles inscriptions pour l'année 2026-2027 ; enfin, ces baisses d'inscriptions constituent un dommage irrattrapable pour la situation économique du lycée ;

- la décision contestée porte atteinte à la continuité et à la sérénité du parcours scolaire des élèves, notamment pour les élèves en classes de seconde et de première, engagés dans un parcours d'enseignement français en vue de l'obtention du baccalauréat, qui risquent de voir leur scolarité interrompue, sans possibilité, en Louisiane, de poursuivre une scolarité conduisant au baccalauréat français ;

- la décision contestée porte un préjudice grave et immédiat à la réputation du lycée.

Sur le doute sérieux quant à la légalité de la décision attaquée :

- elle est entachée d'un vice de procédure, dès lors que l'inspection réalisée en mars 2025, qui constitue le socle principal de la décision du 5 décembre 2025, a été conduite exclusivement sous l'empire d'une note de service illégale datée du 4 juillet 2024 ;

- elle porte atteinte au principe de non-rétroactivité des sanctions administratives.

Vu :

- les autres pièces du dossier ;

- la requête enregistrée sous le n° 2600096 par laquelle le lycée français international de la Louisiane demande l'annulation de la décision dont la suspension est demandée.

**EXHIBIT A**

Vu :

- le code de l'éducation ;

- le code de justice administrative.

La présidente du tribunal a désigné Mme Perrin pour statuer sur les demandes de référé.

Considérant ce qui suit :

1. Aux termes du premier alinéa de l'article L. 521-1 du code de justice administrative : « Quand une décision administrative, même de rejet, fait l'objet d'une requête en annulation ou en réformation, le juge des référés, saisi d'une demande en ce sens, peut ordonner la suspension de l'exécution de cette décision, ou de certains de ses effets, lorsque l'urgence le justifie et qu'il est fait état d'un moyen propre à créer, en l'état de l'instruction, un doute sérieux quant à la légalité de la décision ». Aux termes de l'article L. 522-1 du même code : « Le juge des référés statue au terme d'une procédure contradictoire écrite ou orale. / Lorsqu'il lui est demandé de prononcer les mesures visées aux articles L. 521-1 et L. 521-2, de les modifier ou d'y mettre fin, il informe sans délai les parties de la date et de l'heure de l'audience publique (...) ». Aux termes de l'article L. 522-3 dudit code : « Lorsque la demande ne présente pas un caractère d'urgence ou lorsqu'il apparaît manifeste, au vu de la demande, que celle-ci ne relève pas de la compétence de la juridiction administrative, qu'elle est irrecevable ou qu'elle est mal fondée, le juge des référés peut la rejeter par une ordonnance motivée sans qu'il y ait lieu d'appliquer les deux premiers alinéas de l'article L. 522-1 ». Enfin, aux termes du premier alinéa de l'article R. 522-1 du même code : « La requête visant au prononcé de mesures d'urgence doit (...) justifier de l'urgence de l'affaire ».

2. L'urgence justifie que soit prononcée la suspension d'un acte administratif lorsque l'exécution de celui-ci porte atteinte, de manière suffisamment grave et immédiate, à un intérêt public, à la situation du requérant ou aux intérêts qu'il entend défendre. Il en va ainsi, alors même que cette décision n'aurait un objet ou des répercussions que purement financiers et que, en cas d'annulation, ses effets pourraient être effacés par une réparation pécuniaire. Il appartient au juge des référés, saisi d'une demande de suspension d'une décision, d'apprécier concrètement, compte tenu des justifications fournies par le requérant, si les effets de l'acte litigieux sont de nature à caractériser une urgence justifiant que, sans attendre le jugement de la requête au fond, l'exécution de la décision soit suspendue.

3. D'une part, le lycée français international de la Louisiane soutient que la décision du 5 décembre 2025 plaçant l'établissement, pour l'année 2025-2026, en année probatoire a pour conséquence une baisse significative des inscriptions pour l'année 2025-2026, de 173 élèves, et la fermeture de 9 classes, entraînant mécaniquement une baisse du Minimum Foundation Program (MFP), financement alloué aux établissements publics à charte par l'Etat de la Louisiane. Toutefois, il résulte de l'instruction que la baisse d'effectifs dont se prévaut l'établissement requérant, en relation directe avec la décision du 4 juin 2025, retirée le 3 octobre 2025, et de la décision contestée du 5 décembre 2025, préexistait à la décision attaquée dès lors que, dans son rapport d'inspection d'homologation et de suivi d'homologation, daté du 30 avril 2025, l'Agence pour l'enseignement français à l'étranger indiquait que le lycée français international de la Louisiane comptait pour l'année 2024-2025 un effectif de 894 élèves, en baisse par rapport à l'année 2023-2024 de 34 élèves au total, et de 94 élèves pour les niveaux élémentaire et collège, et soulignait dans ses recommandations la vigilance à avoir sur ses baisses d'effectifs en élémentaire et au collège, ce point du rapport d'inspection n'ayant pas fait l'objet de demandes de rectification de la part du lycée français international de la Louisiane dans son droit de réponse. En outre, le lycée français international de la Louisiane n'établit pas, par la seule production d'un document intitulé

Enquête de rentrée 2025-2026 », non daté, la réalité de la baisse du chiffre des effectifs pour l'année 2025-2026 dont il se prévaut. Enfin, l'établissement scolaire requérant ne fournit aucune donnée sur sa situation financière, et notamment sur la part de la subvention annuelle MFP versée par l'Etat de la Louisiane dans son financement global. D'autre part, si le lycée français international de la Louisiane soutient que la décision du 5 décembre 2025 le plaçant en année probatoire nuit à la continuité et à la sérénité du parcours scolaire de ses élèves, notamment pour les élèves en classes de seconde et première, engagés dans un parcours d'enseignement français en vue de l'obtention du baccalauréat et qui risquent de voir leur scolarité interrompue, il ne l'établit pas en se bornant à faire état de considérations générales sur l'incertitude institutionnelle quant à la continuité du parcours scolaire des élèves concernés et par les deux témoignages de parents d'élèves versés au soutien de la requête. Enfin, le lycée français international de la Louisiane se prévaut du préjudice grave et immédiat porté à sa réputation par la décision contestée. Toutefois, alors que le requérant soutient que le contenu de cette décision est public et déjà connu, notamment des parents d'élèves, le lycée français international de la Louisiane n'apporte aucun élément permettant d'apprécier l'impact de cette publicité sur sa réputation.

4. Dans ces conditions, le lycée français international de la Louisiane n'établit pas, en l'état de l'instruction, que la décision du 5 décembre 2025 préjudicie de manière suffisamment grave et immédiate à ses intérêts. Par suite, la condition d'urgence n'étant pas remplie, les conclusions aux fins de suspension présentées par le lycée français international de la Louisiane doivent être rejetées sans qu'il y ait lieu de se prononcer sur l'existence d'un doute sérieux quant à la légalité de la décision attaquée.

5. Il résulte de ce qui précède qu'il y a lieu de rejeter la requête en toutes ses conclusions selon la procédure prévue à l'article L. 522-3 précité du code de justice administrative.

O R D O N N E :

Article 1er : La requête du lycée français international de la Louisiane est rejetée.

Article 2 : La présente ordonnance sera notifiée au lycée français international de la Louisiane.

Fait à Paris, le 20 janvier 2026.

La juge des référés,

A. PERRIN

La République mande et ordonne au ministre de l'Europe et des affaires étrangères et au ministre de l'éduction nationale, en ce qui les concerne, ou à tous commissaires de justice à ce requis en ce qui concerne les voies de droit commun contre les parties privées, de pourvoir à l'exécution de la présente décision.



**FRENCH REPUBLIC**
**IN THE NAME OF THE FRENCH PEOPLE**

Paris Administrative Court
No. 2600095

Hearing of Tuesday 20 January 2026

//*Translator's note*: the word "undefined" appears, in English, at this point in the document//

Having regard to the following proceedings:

By an application, filed on 3 January 2026, the French International School of Louisiana, represented by Maître Sidide, requested the judge hearing the application for interim relief:

1) to suspend, pursuant to Article L. 521-1 of the Code of Administrative Justice, the enforcement of the decision of the Minister for National Education and the Minister for Europe and Foreign Affairs of 5 December 2025 placing the French International School of Louisiana on probation on the basis of Articles R.451-2 and R. 451-2-12 of the Education Code, until a decision is made on the merits regarding the legality of that decision;

2) to order the State to pay the sum of €8,000 pursuant to the provisions of Article L. 761-1 of the Administrative Justice Code, and to reserve the costs.

He submits that:

On the matter of urgency:

- the contested decision causes serious and immediate harm to the economic and financial situation of the French International School of Louisiana, whereas the economic effects of the decision of 4 June 2025 are established, this initial decision to place the school on probation having led to a significant drop in enrolments for the 2025-2026 academic year, likely to result in a reduction in public funding for the school, which is directly linked to the number of students enrolled; furthermore, the contested decision has exacerbated an existing downward economic trend, by discouraging new enrolments for the 2026-2027 academic year; finally, these drops in enrolment figures constitute irreparable damage to the school's economic situation;

- the contested decision undermines the continuity and stability of the students' educational journey, particularly for students in the *seconde* and *première* years (*Translator's note*: equivalent to 10th and 11th grades in the US), who are following a French curriculum with a view to obtaining the baccalaureate, who risk having their education interrupted, with no possibility, in Louisiana, to continue to the French baccalaureate;

- the contested decision causes serious and immediate damage to the school's reputation.

I the undersigned, Neil DRAPER, sworn translator, duly approved by and registered with the Grenoble Court of Appeal, do hereby certify that the foregoing is a true translation of the original text in French. In token whereof I have hereunder set my hand and affixed my seal.   Register no. 20260506 – May 06, 2026

Regarding the serious doubt as to the legality of the contested decision:

- it is vitiated by a procedural defect, in that the inspection carried out in March 2025, which forms the main ground for the decision of 5 December 2025, was conducted exclusively under the authority of an illegal memo dated 4 July 2024;

- it infringes the principle of non-retroactivity of administrative sanctions.

Having regard to:

- the other documents in the file;

- the application registered under No. 2600096 by which the French International School of Louisiana seeks the annulment of the decision for which suspension is sought.

Having regard to:

- the Education Code;

- the Administrative Justice Code.

The President of the Court has appointed Ms Perrin to rule on the applications for interim relief.

Having regard to the following:

1.      Under the first paragraph of Article L. 521-1 of the Code of Administrative Justice: 'Where an administrative decision administrative decision, even one rejecting an application, is the subject of an application for annulment or reversal, the judge hearing the application for interim relief, to whom such a request is made, may order the suspension of the enforcement of that decision, or of certain of its effects, where urgency so warrants and where a ground is raised which, at the present stage of the proceedings, is capable of giving rise to serious doubt as to the legality of the decision". Under the terms of Article L. 522-1 of the same Code: "The judge hearing interim relief shall rule following written or oral proceedings in which both parties are heard. / Where he is asked to order the measures referred to in Articles L. 521-1 and L. 521-2, to amend them or to terminate them, he shall without delay inform the parties of the date and time of the public hearing (...)". Under the terms of Article L. 522-3 of the said Code: "Where the application is not of an urgent nature or where it is manifest, in view of the application, that it does not fall within the jurisdiction of the administrative court, that it is inadmissible or is unfounded, the judge hearing the application for interim relief may dismiss it by a reasoned order without the first two paragraphs of Article L. 522-1 necessarily applying". Finally, under the first paragraph of Article R.522-1 of the same Code: "An application for the ordering of emergency measures must (...) demonstrate the urgency of the matter".

2.      Urgency justifies the suspension of an administrative act where its enforcement results in sufficiently serious and immediate harm to a public interest, to the applicant's situation or to the interests he seeks to defend. The same applies even where the decision has a purely financial purpose or consequences, and where, in the event of annulment, its effects could be remedied by monetary compensation. It is for the judge hearing the application for interim relief, when considering a request to suspend a decision, to assess in concrete terms, taking into account the evidence provided by the

I the undersigned, Neil DRAPER, sworn translator, duly approved by and registered with the Grenoble Court of Appeal, do hereby certify that the foregoing is a true translation of the original text in French. In token whereof I have hereunder set my hand and affixed my seal.      Register no. 20260506 – May 06, 2026

applicant, whether the effects of the contested act are such as to constitute a state of urgency justifying suspension of enforcement of the decision, without awaiting the judgment on the merits of the case.

3.    On the one hand, the French International School of Louisiana argues that the decision of 5 December 2025 putting the school on probation for the 2025-2026 academic year resulted in a significant drop in enrolments for the 2025-2026 academic year, by 173 students, and the closure of nine classes, automatically leading to a reduction in the Minimum Foundation Program (MFP) funding allocated to public charter schools by the State of Louisiana. However, it is apparent from the investigation that the decline in student numbers described by the applicant school, which is directly linked to the decision of 4 June 2025 (withdrawn on 3 October 2025) and the contested decision of 5 December 2025, pre-dated the contested decision, given that, in its inspection report on accreditation and post-accreditation monitoring, dated 30 April 2025, the Agency for French Education Abroad indicated that the French International School of Louisiana had enrolled 894 students, a decline of 34 students in total compared to the 2023-2024 academic year, and of 94 students for the elementary and junior high levels. In its recommendations, the Agency emphasised the need for vigilance regarding these in student numbers at elementary and junior high levels. This element of the inspection report had not been the subject of any requests for correction by the French International School of Louisiana in its right of reply. Furthermore, the French International School of Louisiana does not provide any proof, merely by producing an undated document entitled 'Survey for the start of the 2025-2026 academic year', of the decline in student numbers for the 2025-2026 academic year it claims. Finally, the applicant school provides no data on its financial situation, and in particular on the annual MFP grant paid by the State of Louisiana as a proportion of its overall funding. Furthermore, whilst the French International School of Louisiana maintains that the decision of 5 December 2025 placing it on probation undermines the continuity and stability of its students' educational journey, particularly for students in the *seconde* and *première* years (*Translator's note*: equivalent to 10th and 11th grades in the US), who are following a French curriculum with a view to obtaining the baccalaureate and who risk having their education interrupted, it does not substantiate this, but merely sets out general considerations pertaining to institutional uncertainty as to the continuity of educational journey of the students concerned and two statements from parents submitted in support of the application. Finally, the French International School of Louisiana claims that the contested decision has caused serious and immediate damage to its reputation. However, whilst the applicant maintains that the content of this decision is public and already known, particularly to parents, the French International School of Louisiana provides no evidence to assess the impact this disclosure has had on its reputation.

4.    In these circumstances, the French International School of Louisiana has not, at this stage of the proceedings, established that the decision of 5 December 2025 causes sufficiently serious and immediate harm to its interests. Consequently, as the condition of urgency is not met, the application for suspension submitted by the French International School of Louisiana must be dismissed without

I the undersigned, Neil DRAPER, sworn translator, duly approved by and registered with the Grenoble Court of Appeal, hereby certify that the foregoing is a true translation of the original text in French. In token whereof I have hereunder set my hand and affixed my seal.    Register no. 20260506 – May 06, 2026

it being necessary to rule on the existence of serious doubt as to the legality of the contested decision.

5.    It follows from the foregoing that the application must be dismissed in its entirety in accordance with the procedure provided for in the aforementioned Article L. 522-3 of the Administrative Justice Code.

**O R D E R:**

Article 1: The application by the French International School of Louisiana is dismissed.

Article 2: This order shall be served on the French International School of Louisiana.

Signed in Paris, 20 January 2026.

The judge hearing the application for interim relief,

A. PERRIN

The Republic hereby instructs and orders the Minister of National Education and the Minister for Europe and Foreign Affairs, insofar as they are concerned, and all judicial officers so required, insofar as ordinary legal remedies against private parties are concerned, to ensure the enforcement of this decision.



I the undersigned, Neil DRAPER, sworn translator, duly approved by and registered with the Grenoble Court of Appeal, do hereby certify that the foregoing is a true translation of the original text in French. In token whereof I have hereunder set my hand and affixed my seal.    Register no. 20260506 – May 06, 2026