**TRIBUNAL ADMINISTRATIF**
**DE PARIS**

**N°2607387/1**

LYCÉE FRANÇAIS INTERNATIONAL DE LA
LOUISIANE

Mme Giraudon
Juge des référés

Ordonnance du 31 mars 2026

**RÉPUBLIQUE FRANÇAISE**

**AU NOM DU PEUPLE FRANÇAIS**

La juge des référés

Vu la procédure suivante :

Par une requête et des mémoires, enregistrés les 10, 17 et 18 mars 2026, le lycée français international de la Louisiane, représenté par Me Sidibe, demande au juge des référés :

1°) d'ordonner, sur le fondement des dispositions de l'article L. 521-1 du code de justice administrative, la suspension de la décision du 5 décembre 2025 par laquelle le ministre de l'éducation nationale et le ministre de l'Europe et des affaires étrangères l'ont placé en période probatoire pour la campagne 2025-2026, jusqu'à ce qu'il soit statué au fond sur la légalité de cette décision ;

2°) de mettre à la charge de l'État une somme de 8 000 euros au titre de l'article L. 761-1 du code de justice administrative.

Le lycée français international de la Louisiane soutient que :
- la condition d'urgence est satisfaite en raison de l'atteinte portée à sa situation économique et financière et à sa réputation et l'atteinte portée à la continuité des parcours scolaires des élèves ;
- en ce qui concerne les moyens propres à créer un doute sérieux quant à la légalité de la décision attaquée :
    - elle est entachée d'un vice de procédure dès lors qu'elle repose sur une inspection réalisée en mars 2025, soit avant l'entrée en vigueur du décret 2025-611 du 2 juillet 2025 ;
    - elle méconnaît le principe de non-rétroactivité dès lors qu'elle repose sur des faits constatés antérieurement à l'entrée en vigueur du décret du 2 juillet 2025 alors que cette décision constitue une sanction.

Par un mémoire enregistré le 27 mars 2026 le ministre de l'éducation nationale conclut au rejet de la requête. Il soutient que la condition de l'urgence n'est pas remplie et qu'aucun des moyens invoqués n'est de nature à créer un doute sérieux quant à la légalité de sa décision.

**EXHIBIT B**

Vu :
- les autres pièces du dossier ;
- la requête n°2600096 par laquelle le lycée français international de la Louisiane demande l'annulation de la décision attaquée.

Vu :
- le code de l'éducation nationale ;
- le code de justice administrative.

Mme Giraudon, présidente honoraire, a été désignée par la présidente du tribunal pour statuer sur les demandes de référé.

Les parties ont été régulièrement convoquées à une audience publique.

Au cours de l'audience publique du 27 mars 2026, tenue en présence de Mme Chakelian, greffière, Mme Giraudon a donné lecture de son rapport et entendu :

- les observations de Me Sidibe, représentant le lycée français international de la Louisiane qui a repris les termes de ses écritures et fait valoir en outre que la décision attaquée repose sur des considérations erronées ;

- les observations de M. de Mecquenem, représentant le ministre de l'éducation nationale qui a repris et développé les termes du mémoire en défense.

La clôture de l'instruction a été prononcée à l'issue de l'audience.

Considérant ce qui suit :

1. Aux termes de l'article L. 521-1 du code de justice administrative : « *Quand une décision administrative, même de rejet, fait l'objet d'une requête en annulation ou en réformation, le juge des référés, saisi d'une demande en ce sens, peut ordonner la suspension de l'exécution de cette décision, ou de certains de ses effets, lorsque l'urgence le justifie et qu'il est fait état d'un moyen propre à créer, en l'état de l'instruction, un doute sérieux quant à la légalité de la décision (...)* ».

2. En l'état de l'instruction aucun des moyens invoqués n'est de nature à faire naître un doute sérieux quant à la légalité de la décision attaquée. Par suite, la requête doit être rejetée en toutes ses conclusions.

O R D O N N E

Article 1er : La requête du lycée français international de la Louisiane est rejetée.



Article 2 : La présente ordonnance sera notifiée au lycée français international de la Louisiane, au ministre de l'Europe et des affaires étrangères et au ministre de l'éducation nationale.

Fait à Paris, le 31 mars 2026.

La juge des référés,

Signé

M.-C. GIRAUDON

La République mande et ordonne au ministre de l'Europe et des affaires étrangères et au ministre de l'éducation nationale en ce qui les concerne ou à tous commissaires de justice à ce requis en ce qui concerne les voies de droit commun contre les parties privées, de pourvoir à l'exécution de la présente décision.



## ADMINISTRATIVE COURT
## OF PARIS

No. 2607387/1

THE FRENCH REPUBLIC

IN THE NAME OF THE FRENCH PEOPLE

The Judge for interim proceedings

FRENCH INTERNATIONAL SCHOOL OF
LOUISIANA

Ms Giraudon
Judge for interim proceedings
Order of 31 March 2026

Having regard to the following proceedings:

By an application and written submissions, filed on 10, 17 and 18 March 2026, the FRENCH INTERNATIONAL SCHOOL OF LOUISIANA, represented by Maître Sidibe, requests the judge for interim relief:

1) to order, on the basis of the provisions of Article L. 521-1 of the Administrative Justice Code, the suspension of the decision of 5 December 2025 by which the Minister for National Education and the Minister for Europe and Foreign Affairs placed it on probation for the 2025–2026 academic year, until a ruling has been made on the merits regarding the legality of that decision;

2) to order the State to pay the sum of €8,000 pursuant to Article L. 761-1 of the Administrative Justice Code.

The French International School of Louisiana states that:
- the condition of urgency is met due to the damage caused to it and its reputation, and the disruption to the continuity of the students' educational journey;
- as regards the grounds capable of raising serious doubts as to the legality of the contested decision:

> ➢ it is vitiated by a procedural defect in that it is based on an inspection carried out in March 2025, i.e. before Decree 2025-611 of 2 July 2025 came into force;
> ➢ it disregards the principle of non-retroactivity in that it is based on facts observed prior to the entry into force of the Decree of 2 July 2025, whereas this decision constitutes a sanction.

In a written submission filed on 27 March 2026, the Minister for National Education concludes that the application be dismissed. He maintains that the condition of urgency is not met and that none of the grounds put forward raise serious doubts as to the legality of his decision.

I the undersigned, Neil DRAPER, sworn translator, duly approved by and registered with the Grenoble Court of Appeal, do hereby certify that the foregoing is a true translation of the original text in French. In token whereof I have hereunder set my hand and affixed my seal.    Register no. 20260505 – May 06, 2026

No. 2607387/1                                                                                                    2

Having regard to:
- the other documents in the file;
- application No. 2600096 by which the French International School of Louisiana seeks the annulment of the contested decision.

Having regard to:
- the National Education Code;
- the Administrative Justice Code.

Ms Giraudon, Honorary President, was appointed by the President of the Court to rule on the applications for interim relief.

The parties were duly summoned to a public hearing.

During the public hearing on 27 March 2026, held in the presence of Ms Chakelian, the court clerk, Ms Giraudon read out her report and heard:

- the submissions of Maître Sidibe, representing the French International School of Louisiana, who reiterated the terms of his written submissions and further argued that the contested decision was based on erroneous considerations;

- the observations of Mr de Mecquenem, representing the Minister for National Education who reiterated and expanded upon the terms of the defence brief.

The conclusion of the investigation was pronounced at the end of the hearing.

Having regard to the following:

1. Under the terms of Article L. 521-1 of the Administrative Justice Code: *'Where an administrative decision, even one rejecting an application, is the subject of an application for annulment or reversal, the judge hearing the application for interim relief, upon being seized of such a request, may order the suspension of the enforcement of that decision, or of certain of its effects, where urgency so warrants and where a ground capable of raising, at the current stage of the proceedings, serious doubt as to the legality of the decision (...)"*.

2. At this stage of the proceedings, none of the grounds put forward is such as to give rise to serious doubt as to the legality of the contested decision. Consequently, the application must be dismissed in all its conclusions.

I the undersigned, Neil DRAPER, sworn translator, duly approved by and registered with the Grenoble Court of Appeal, do hereby certify that the foregoing is a true translation of the original text in French. In token whereof I have hereunder set my hand and affixed my seal.    Register no. 20260505 – May 06, 2026

No. 2607387/1                                                                                                              3

# ORDER

<u>Article 1</u>: The French International School of Louisiana's application is dismissed.
<u>Article 2</u>: This order shall be served on the French International School of Louisiana, the Minister for Europe and Foreign Affairs and the Minister for National Education.


Signed in Paris, 31 March 2026.


The judge presiding over interim proceedings,


Signed


M.-C. GIRAUDON


The Republic hereby orders the Minister for Europe and Foreign Affairs and the Minister for National Education, in so far as they are concerned, or to any judicial officers required in respect of ordinary legal proceedings against private parties, to ensure the enforcement of this decision.



I the undersigned, Neil DRAPER, sworn translator, duly approved by and registered with the Grenoble Court of Appeal, do hereby certify that the foregoing is a true translation of the original text in French. In token whereof I have hereunder set my hand and affixed my seal.     Register no. 20260505 – May 06, 2026