**TRIBUNAL ADMINISTRATIF**
**DE PARIS**

N°2609954/1

_____

LYCÉE FRANÇAIS INTERNATIONAL DE LA
LOUISIANE

_____

M. Truilhé
Juge des référés

_____

Audience du 8 avril 2026
Ordonnance du 9 avril 2026

_____

54-035-02
C

**RÉPUBLIQUE FRANÇAISE**

**AU NOM DU PEUPLE FRANÇAIS**

Le juge des référés,

Vu la procédure suivante :

Par une requête et une pièce complémentaire, enregistrées les 1er et 8 avril 2026, le lycée français international de la Louisiane, représenté par Me Sidibe, demande au juge des référés, sur le fondement des dispositions de l'article L. 521-1 du code de justice administrative :

1°) d'ordonner la suspension de l'exécution de la décision du 10 mars 2026 par laquelle le ministre de l'éducation nationale et le ministre de l'Europe et des affaires étrangères ont fixé la date limite de dépôt de son dossier sur la plateforme d'homologation des établissements d'enseignement français à l'étranger au 9 avril 2026, jusqu'à ce qu'il soit statué au fond sur la légalité de cette décision.

2°) de mettre à la charge de l'État les frais exposés.

Il soutient que :
- la condition d'urgence est remplie dès lors que l'établissement se trouve dans une situation imprévisible et instable du fait des carences de l'administration, que la décision méconnaît l'article R. 451-2-12 du code de l'éducation en exigeant une mise en conformité anticipée, que l'inspection de l'établissement sera conduite sur la base d'une situation anticipée sans possibilité d'apporter des éléments nouveaux, et qu'il existe un risque de préjudice grave et irréversible ;
- il existe un doute sérieux quant à la légalité de la décision attaquée, qui est entachée d'une méconnaissance de la hiérarchie des normes, d'une méconnaissance de l'étendue de la compétence de l'administration, d'une violation des droits de la défense, d'un détournement de procédure et d'une erreur manifeste d'appréciation.

1

EXHIBIT C

N° 2609954/1

Par un mémoire en défense, enregistré le 8 avril 2026, le ministre de l'éducation nationale conclut au rejet de la requête.

Il fait valoir que la requête est irrecevable dès lors que la décision du 10 mars 2026 est un acte préparatoire dans le cadre de la procédure d'homologation du lycée, que la condition d'urgence n'est pas remplie, et que les moyens soulevés ne sont pas fondés.

Par un mémoire en défense, enregistré le 8 avril 2026, le ministre de l'Europe et des affaires étrangères conclut au rejet de la requête.

Il fait valoir qu'il s'associe aux moyens et conclusions développés par le ministre de l'éducation dans son mémoire en défense.

Vu :
- la décision attaquée ;
- la requête n° 2609960 enregistrée le 1er avril 2026 par laquelle le lycée français international de la Louisiane demande l'annulation de la décision contestée ;
- les autres pièces du dossier.

Vu :
- le code de l'éducation ;
- l'arrêté du 25 août 2025 relatif à l'homologation des établissements d'enseignement français à l'étranger ;
- le code de justice administrative.

La présidente du tribunal a désigné M. Truilhé pour statuer sur les demandes de référé.

Les parties ont été régulièrement averties du jour de l'audience.

Au cours de l'audience publique, tenue en présence de Mme Henry, greffière d'audience, M. Truilhé a lu son rapport et entendu les observations de Me Sidibe, représentant le lycée français international de la Louisiane, qui a maintenu ses conclusions par les mêmes moyens et les observations de M. de Mecquenem, représentant le ministre de l'éducation nationale, qui a maintenu ses conclusions par les mêmes moyens.

La clôture de l'instruction a été prononcée à l'issue de l'audience.



2

N° 2609954/1

Considérant ce qui suit :

1. Aux termes de l'article L. 521-1 du code de justice administrative : « *Quand une décision administrative, même de rejet, fait l'objet d'une requête en annulation ou en réformation, le juge des référés, saisi d'une demande en ce sens, peut ordonner la suspension de l'exécution de cette décision, ou de certains de ses effets, lorsque l'urgence le justifie et qu'il est fait état d'un moyen propre à créer, en l'état de l'instruction, un doute sérieux quant à la légalité de la décision. Lorsque la suspension est prononcée, il est statué sur la requête en annulation ou en réformation de la décision dans les meilleurs délais. La suspension prend fin au plus tard lorsqu'il est statué sur la requête en annulation ou en réformation de la décision* ».

2. Aux termes de l'article R. 451-2-12 du code de l'éducation : « *En cas de manquement aux obligations résultant de l'homologation, l'établissement peut être placé en année probatoire ou se voir retirer l'homologation par décision du ministre chargé de l'éducation et du ministre des affaires étrangères. / Lorsqu'il est placé en année probatoire, l'établissement prend les mesures nécessaires afin de mettre fin aux manquements constatés dans un délai qui ne peut être supérieur à six mois. A l'expiration de ce délai, l'homologation peut être maintenue ou retirée, ou l'année probatoire reconduite (…).* » Aux termes de l'article 8 de l'arrêté du 25 août relatif à l'homologation des établissements d'enseignement français à l'étranger : « *Lorsqu'un établissement d'enseignement est placé en année probatoire en application de l'article R. 451-2-12 du code de l'éducation, il lui appartient de transmettre les pièces et documents listés en annexe 1. / Lorsque le dossier est incomplet, la délégation aux relations européennes et internationales et à la coopération du ministère chargé de l'éducation indique à l'établissement les pièces et informations manquantes et fixe le délai pour leur réception.* »

3. En amont de la décision de maintien ou de retrait d'une homologation, ou de la reconduite d'une année probatoire d'un établissement d'enseignement français à l'étranger, le ministre de l'éducation, conjointement avec le ministre de l'Europe et des affaires étrangères, place l'établissement d'enseignement en année probatoire. Lors de cette année probatoire, et ainsi qu'il ressort des dispositions précités, l'établissement d'enseignement doit transmettre les pièces et documents nécessaires afin d'attester des mesures de mise en conformité prises, en particulier lorsque des dysfonctionnements ont été constatés, via une plateforme dédiée, permettant la prise en compte de tous les éléments nécessaires afin de statuer sur son homologation. La décision en litige repoussant la date limite de dépôt des pièces, initialement fixée au 16 février 2026, au 9 avril 2026, qui ne donne ni lieu à publicité sur le site internet, ni à des contacts avec des tiers et est propre à l'établissement d'enseignement requérant placé en année probatoire, constitue un élément factuel de la procédure pouvant conduire le ministre de l'éducation nationale et le ministre de l'Europe et des affaires étrangères à se prononcer sur l'homologation dudit établissement. Elle revêt, dès lors, et nonobstant l'indication des voies et délais de recours, un caractère purement préparatoire et n'est, par suite, pas susceptible de faire l'objet d'un recours pour excès de pouvoir.

4. Il résulte de ce qui précède que les conclusions du lycée français international de la Louisiane tendant à la suspension de l'exécution de la décision qu'il conteste ne sont pas recevables. Il y a lieu, par voie de conséquence, de rejeter les conclusions présentées au titre des frais exposés, au demeurant non chiffrées.

N° 2609954/1

ORDONNE :

Article 1er . : La requête du lycée français international de la Louisiane est rejetée.

Article 2 : La présente ordonnance sera notifiée au lycée français international de la Louisiane, au ministre de l'éducation nationale et au ministre de l'Europe et des affaires étrangères.

Copie en sera adressée à la directrice de l'agence pour l'enseignement français à l'étranger.

Fait à Paris, le 9 avril 2026.

Le juge des référés,

Signé

J.-C. TRUILHE

La République mande et ordonne au ministre de l'éducation nationale et au ministre de l'Europe et des affaires étrangères en ce qui les concerne et à tous commissaires de justice à ce requis en ce qui concerne les voies de droit commun, contre les parties privées, de pourvoir à l'exécution de la présente décision.



4

# ADMINISTRATIVE COURT
# OF PARIS

**THE FRENCH REPUBLIC
IN THE NAME OF THE
FRENCH PEOPLE**

FRENCH INTERNATIONAL SCHOOL OF LOUISIANA
**No. 2609954/1**

The judge for interim
proceedings,

Mr Truilhé
Judge for interim proceedings

Hearing of 8 April 2026
Order of 9 April 2026

54-035-02
C

Having regard to the following proceedings:

By a petition and a supplementary document, filed on 1 and 8 April 2026, the French International School of Louisiana, represented by Maître Sidibe, applied to the judge for interim proceedings, on the basis of the provisions of Article L. 521-1 of the Administrative Justice Code:

1°) to order the suspension of the implementation of the decision of 10 March 2026 by which the Minister for National Education and the Minister for Europe and Foreign Affairs set the deadline for submitting its application on the accreditation platform for teaching abroad to 9 April 2026, until a decision has been made on the merits regarding legality of that decision.

2°) to order the State to bear the costs incurred.

They argue that:
- the condition of urgency is met since the institution finds itself in an unpredictable and unstable situation due to administrative failings, and that the decision disregards Article R. 451-2-12 of the Education Code by requiring compliance, that the inspection of the establishment will be conducted on the basis of a projected situation with no opportunity to provide new evidence, and that there is a risk of serious and irreversible harm;
- there is serious doubt as to the legality of the contested decision, which is vitiated by a failure to recognise the hierarchy of legal norms, a failure to recognise the scope of administration's powers, a breach of the rights of the defence, an abuse of procedure and a manifest error of assessment.

I the undersigned, Neil DRAPER, sworn translator, duly approved by and registered with the Grenoble Court of Appeal, do hereby certify that the foregoing is a true translation of the original text in French. In token whereof I have hereunder set my hand and affixed my seal.     Register no. 20260508 – May 06, 2026

In a statement of defence, filed on 8 April 2026, the Minister for Education concluded that the application should be dismissed.

He argues that the application is inadmissible since the decision of 10 March 2026 is a preparatory act within the framework of the school's accreditation procedure, that the condition of urgency is not met, and that the grounds raised are unfounded.

In a statement of defence, filed on 8 April 2026, the Minister for Europe and Foreign Affairs moved for the application to be dismissed.

He states that he endorses the grounds and conclusions set out by the Minister for Education in his statement of defence.

Having regard to :
- the contested decision;
- Application No. 2609960, filed on[1] April 2026, by which the French International School of Louisiana seeks the annulment of the contested decision;
- the other documents in the file.

Having regard to:
- the Education Code;
- the Order of 25 August 2025 on the accreditation of French educational establishments abroad;
- the Administrative Justice Code.

The President of the Court appointed Mr Truilhé to rule on the applications for interim relief.

The parties were duly notified of the date of the hearing.

During the public hearing, held in the presence of Ms Henry, Clerk of the court, Mr Truilhé read his report and heard the submissions of Maître Sidibe, representing the French International School of Louisiana, who maintained his submissions on the same grounds, and the submissions of Mr de Mecquenem, representing the Minister for National Education, who maintained his submissions on the same grounds.

The investigation was closed at the conclusion of the hearing.



I the undersigned, Neil DRAPER, sworn translator, duly approved by and registered with the Grenoble Court of Appeal, do hereby certify that the foregoing is a true translation of the original text in French. In token whereof I have hereunder set my hand and affixed my seal.    Register no. 20260508 – May 06, 2026

Having regard to the following:

1. Under Article L. 521-1 of the Code of Administrative Justice: '*Where an administrative decision, even one rejecting an application, is the subject of an application for annulment or revision, the judge hearing the application for interim relief, upon being seized of such an application, may order the suspension of the enforcement of that decision, or of certain of its effects, where urgency so warrants and a ground is raised which, at the current stage of the proceedings, is capable of creating serious doubt as to the legality of the decision. Where a stay is granted, a ruling shall be made on the application for annulment or reversal of the decision as soon as possible. The suspension shall end at the latest when a decision is made on the application for the annulment or amendment of the decision*".

2. Under the terms of Article R. 451-2-12 of the Education Code: "*In the event of a breach of the obligations arising from accreditation, the institution may be placed on probation or have its accreditation withdrawn by decision of the Minister for Education and the Minister of Foreign Affairs. / When placed on probation, the institution shall take the necessary measures to remedy the breaches identified within a period not exceeding six months. Upon expiry of this period, accreditation may be maintained or withdrawn, or the probationary period extended (...).*" Under the terms of Article 8 of the Order of 25 August relating to the accreditation of French educational establishments abroad: "*Where an educational establishment is placed on probation pursuant to Article R. 451-2-12 of the Education Code, it is the institution's responsibility to submit the documents listed in Appendix 1. / Where the file is incomplete, the Delegation for European and Cooperation of the Ministry of Education shall inform the institution which documents and information are missing and set a deadline for their receipt.*"

3. Prior to the decision to maintain or withdraw accreditation, or to extend a probationary year for a French educational establishment abroad, the Minister for Education, in conjunction with the Minister for Europe and Foreign Affairs, shall place the educational establishment on probation. During this probationary year, and as set out in the aforementioned provisions, the educational establishment must submit the necessary documents and evidence to demonstrate the compliance measures taken, particularly where shortcomings have been identified, via a dedicated platform, enabling all necessary elements to be taken into account in order to decide on its accreditation. The contested decision postponing the deadline for submitting documents, initially set for 16 February 2026, to 9 April 2026, which is neither published on the website nor to contact with third parties, and is specific to the applicant educational establishment placed under probationary year, constitutes a factual element of the proceedings that may lead the Minister of National Education and the Minister for Europe and Foreign Affairs to rule on the accreditation of the said institution. Therefore, notwithstanding the indication of the time limits for appeal, it is purely preparatory in nature and is, consequently, not subject to an appeal on the grounds of misuse of power.

4. It follows from the foregoing that the submissions of the French International School of Louisiana seeking the suspension of the implementation of the decision it is challenging are not admissible. Consequently, the claims submitted in respect of costs incurred, which, moreover, have not been quantified, should be dimissed.



I the undersigned, Neil DRAPER, sworn translator, duly approved by and registered with the Grenoble Court of Appeal, do hereby certify that the foregoing is a true translation of the original text in French. In token whereof I have hereunder set my hand and affixed my seal.    Register no. 20260508 – May 06, 2026

O R D E R S:

Article 1: The application by the French International School of Louisiana is dismissed.

Article 2: This order shall be served on the French International School of Louisiana, the Minister for National Education and the Minister for Europe and Foreign Affairs.

A copy shall be sent to the Director of the Agency for French Education Abroad.

Signed in Paris, 9 April 2026.

The judge hearing the application for interim relief,

Signed

J.-C. TRUILHE

The Republic hereby instructs and orders the Minister of National Education and the Minister for Europe and Foreign Affairs, insofar as they are concerned, and all judicial officers so required, insofar as ordinary legal remedies against private parties are concerned, to ensure the enforcement of this decision.



I the undersigned, Neil DRAPER, sworn translator, duly approved by and registered with the Grenoble Court of Appeal, do hereby certify that the foregoing is a true translation of the original text in French. In token whereof I have hereunder set my hand and affixed my seal.    Register no. 20260508 – May 06, 2026