UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LYCÉE FRANÇAIS INTERNATIONAL | * | CIVIL ACTION NO. 26-946 |
| DE LA LOUISIANE | * | |
| | * | SECTION: "H" (1) |
| VERSUS | * | |
| | * | JUDGE MILAZZO |
| AGENCE POUR L'ENSEIGNEMENT | * | |
| FRANÇAIS À L'ÉTRANGER, AEFE | * | MAGISTRATE JUDGE CURRAULT |
| a/k/a AGENCY FOR FRENCH | * | |
| EDUCATION ABROAD | * | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LIMITED
JURISDICTIONAL DISCOVERY AND CONTINUANCE OF SUBMISSION DATE**

Lycée Français International de la Louisiane ("Lycée"), submits this reply memorandum in support of its Motion for Limited Jurisdictional Discovery (Doc. 9) and in response to Agence pour l'Enseignement Français à l'Étranger's ("AEFE") Opposition (Doc. 16). AEFE raises four arguments, each of which fails. First, AEFE argues that the Court should resolve *forum non conveniens* and abstention before permitting discovery. But the discovery Lycée seeks bears directly on those issues as well. Second, AEFE contends that FSIA immunity categorically bars discovery. This is wrong. District courts have repeatedly permitted discovery in FSIA cases. Third, AEFE asks this court to determine that the commercial activity exception does not apply based solely on AEFE's curated record. It is premature for the court to resolve the exception as Lycée seeks to develop the record before the court rules. Fourth, AEFE claims that the proposed discovery is unrelated to this dispute. AEFE is wrong. The discovery is directed at the Collaboration Agreement that AEFE violated in placing Lycée on probation and AEFE's U.S. actions.

At its core, this case is about the academic futures of more than 700 students at a free public charter school in New Orleans—the only public school in the State of Louisiana to hold AEFE accredited curriculum. Lycée's student body is uniquely diverse, with roughly 60% qualifying for

1

needs-based funding under the Louisiana Minimum Foundation Program. These are not the children of families who can readily transfer to AEFE's global network of private, tuition-charging schools. For them, Lycée represents a singular educational opportunity—a tuition-free pathway to the French International Baccalaureate that exists nowhere else in Louisiana.

AEFE's conduct has already inflicted considerable harm on this school and these students. Following AEFE's probation decisions—the first of which was so legally deficient that AEFE itself withdrew it—Lycée lost 191 students, suffered an approximately $2.43 million reduction in MFP revenue, was forced to lay off staff, and closed nine classes. High school students preparing for the French baccalaureate now face an immediate threat to the continuity of their education, with no alternative pathway available in Louisiana. The Louisiana Department of Education, meanwhile, awarded Lycée its highest grade of "A" with a School Performance Score of 94.5 and honored Lycée as a "Top Gains Honoree 2025"—underscoring that AEFE's probation was issued against a school that is, by every objective domestic measure, thriving.

Against this backdrop, Lycée seeks fairness and what the law requires: limited discovery to test AEFE's self-serving factual allegations and whether AEFE's commercial, revenue-generating, service-based relationship with Lycée brings this case within the FSIA's commercial activity exception and whether Louisiana is the appropriate forum. AEFE asks this court to resolve the contested factual question—whether AEFE's conduct is sovereign or commercial—on a curated record assembled entirely by AEFE, while denying Lycée any opportunity to probe AEFE's allegations. Foreclosure of jurisdictional discovery and prejudgment is precisely what the Fifth Circuit guarded against in *Box v. Dallas Mexican Consulate Gen.*, 487 F. App'x 880, 885 (5th Cir. 2012), where it held that refusing discovery when "the relevant documents reside exclusively with the defendant" constitutes an abuse of discretion. The court should grant Lycée's motion.

**I.     Jurisdictional discovery is also necessary to evaluate the doctrines of *forum non-conveniens* and abstention and AFEE's direct effects in New Orleans.**

AEFE argues first ruling on *forum non conveniens* and international comity "moot[s] the discovery issue." (Doc. 16, at 1.) Yet, AEFE's argument ignores that the discovery Lycée seeks bears directly on the *forum non conveniens* and international comity analysis as well.

Courts within the Fifth Circuit have permitted discovery bearing on *forum non conveniens* and international comity. *See, e.g., Lopez Dominguez v. Gulf Coast Marine & Associates, Inc.*, 607 F.3d 1066, 1069 (5th Cir. 2010) (noting limited discovery was allowed before ruling on the issue of *forum non conveniens*); *UNC Lear Servs., Inc. v. Kingdom of Saudi Arabia*, 581 F.3d 210, 214 (5th Cir. 2009) ("The district court allowed jurisdictional discovery on the FSIA and *forum non conveniens* issues."); *Valtech Sols., Inc. v. Davenport*, 2016 WL 2958927, at *3 (N.D. Tex. May 23, 2016) (ordering defendant to respond to plaintiffs' discovery related to *forum non conveniens*); *Long v. Patton Hosp. Mgmt., LLC*, 2016 WL 760780, at *1 (E.D. La. Feb. 26, 2016) (allowing the plaintiff to take discovery before ruling on the issue of *forum non conveniens*); *Anderson-Tully Lumber Co. v. Int'l Forest Products*, 2006 WL 2571273, at *3 (S.D. Miss. Sept. 5, 2006) (permitting limited discovery on the issues of international abstention and *forum non conveniens*).[1]

Likewise, the discovery Lycée seeks goes to the issues of *forum non conveniens* and abstention. Specifically, Lycée has sought discovery on AEFE's relationships with U.S. schools, funding AEFE receives from the United States, bank accounts AEFE maintains in the United States, marketing directed at American schools, and AEFE employees located in the United States. *See OSR Enterprises AG v. REE Auto. Ltd.*, 2023 WL 4707139, at *3 (W.D. Tex. July 24, 2023) (permitting discovery of grants, funding, sales, marketing, servicing, and partnership agreements

---

[1] Other courts have reached similar results. *See, e.g., Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 608 (5th Cir. 2008); *Snaza v. Howard Johnson Franchise Sys., Inc.*, 2008 WL 11425668, at *2 (N.D. Tex. Jan. 16, 2008).

with U.S. entities as relevant to *forum non conveniens*). Lycée anticipates that discovery will confirm Louisiana is the preferred forum for this lawsuit. Lycée is domiciled in Louisiana. Students and teachers are in New Orleans. The evidence of harm is in New Orleans.

Discovery will confirm that this case is materially different from the French proceedings. The French proceedings are narrow "excès de pouvoir" challenges to discrete administrative decisions under French administrative law. This case, by contrast, involves AEFE's ongoing contractual relationship with a Louisiana school under a Louisiana-law agreement, arbitrary conduct directed at Louisiana, and compliance demands that would require Lycée to violate Louisiana state law. No French court can adjudicate those claims. AEFE's claim that French courts "denied" Lycée's claims three times is misleading – each denial rested on narrow procedural grounds, not a merits determination. The French courts are not positioned to interpret and apply Louisiana law to determine whether AEFE's probation practices violate the Collaboration Agreement and Louisiana's charter school statutes. Importantly, the French tribunal is adjudicating the accreditation, which is not even awarded by AEFE, and not the contractual claims that are before this court. No French tribunal is better positioned than this Court to evaluate the impact of AEFE's conduct on a Louisiana public charter school, its students, and its community.

Further, AEFE's reliance on *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 432 (2007) is misplaced. *Sinochem* was a "textbook case for immediate *forum non conveniens* dismissal" because the dispute had no connection to the United States. *Id.* at 435. The entire controversy involved "alleged misrepresentations by a Chinese corporation to a Chinese admiralty court resulting in the arrest of a Malaysian vessel in China." *Id.* at 426. Similarly, *Ibarra v. Orica U.S.A. Inc.*, 493 F. App'x 489, 491-92 (5th Cir. 2012), was also obvious on its face – the accident

occurred in Mexico, some plaintiffs were Mexican citizens, the defendant was a Mexican company, and most of the witnesses were located in Mexico. Discovery clearly was not needed there.[2]

This case bears no resemblance to *Sinochem* or *Ibarra*. Here, the dispute concerns AEFE's ongoing contractual relationship with a Louisiana public charter school, governed by a Collaboration Agreement subject to Louisiana law. The harm from AEFE's conduct has been felt entirely in Louisiana. In *Sinochem*, proceedings in the foreign forum were already well underway; here, by contrast, AEFE points only to narrow French administrative proceedings that have produced no merits determination and lack the capacity to adjudicate Lycée's claims under Louisiana law. Furthermore, a *forum non conveniens* analysis depends on contested facts about AEFE's U.S. contacts, revenue, contractual relationships, and personnel – facts that are exclusively within AEFE's possession. Thus, discovery is needed to resolve these facts. Accordingly, the court should permit the requested discovery. This is consistent with the approach taken by numerous courts in the Fifth Circuit and will allow the court to make an informed ruling.

## II.    This court has discretion to permit jurisdictional discovery under the FSIA.

AEFE's principal argument—that the FSIA provides blanket immunity from discovery—mischaracterizes the law. FSIA immunity is "immunity from suit, not just from liability." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). But AEFE extends that principle far beyond its reach, arguing that it is categorically immune from any discovery. That is not the law. The Fifth Circuit has expressly permitted jurisdictional discovery in FSIA cases. District courts have "broad discretion in all discovery matters" and "such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Alpine View Co. Ltd. v.*

---

[2] AEFE also relies on *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96 (5th Cir. 2018) to argue that courts should resolve *forum non conveniens* and abstention issues before deciding subject matter jurisdiction. But *Sangha* affirmed the district court's dismissal after permitting limited discovery. Thus, *Sangha* supports Lycee's position.

*Atlas Copco AB,* 205 F.3d 208, 220 (5th Cir. 2000) (internal quotation marks omitted). The question is not whether FSIA immunity exists in the abstract, but whether, on these facts, Lycée has shown a sufficient basis to warrant limited discovery—and the answer is plainly yes. Moreover, this court should permit Lycee's requested discovery *before* it decides AEFE's motion based on forum non conveniens and international comity.  This proper staging affords Lycee a fair and full opportunity to respond to AEFE's motion to dismiss.

Significantly, when "there is a factual question regarding a foreign sovereign's entitlement to immunity [under the FSIA], and thus a factual question regarding a district court's jurisdiction, the district court <u>must</u> give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Box*, 487 F. App'x at 885 (quoting *Hansen v. PT Bank Negara Indon. (Persero), TBK,* 601 F.3d 1059, 1063–64 (10th Cir. 2010)) (emphasis added); *see also McAllister v. FDIC,* 87 F.3d 762, 766 (5th Cir. 1996) ("When a district court makes factual determinations decisive of a motion to dismiss for lack of jurisdiction, it must give plaintiffs an opportunity for discovery and a hearing that is appropriate to the nature of the motion to dismiss.").

Indeed, in *Box*, the Fifth Circuit ruled that it was an abuse of discretion for a court to refuse discovery under the FSIA when "the relevant documents reside exclusively with the defendant" and that "[t]o hold otherwise would allow any foreign government to escape jurisdiction by simply attesting in an affidavit that the requisite authorization was never provided." 487 F. App'x at 885. That is precisely what AEFE seeks to do here. It submitted a declaration from its Director General, asked this court to treat it as dispositive. The declaration is deliberately vague, saying nothing about AEFE's revenue model, invoicing practices, contractual relationships with U.S. schools, or the commercial dimensions of its service-provider role. Lycée should be allowed to test these

6

assertions. Notably, courts within the Fifth Circuit have permitted discovery related to FSIA immunity.[3] Courts outside the Fifth Circuit have also permitted discovery related to the FSIA.[4]

Disregarding this extensive authority contravening AEFE's argument, AEFE relies on *Arriba Limited v. Petroleos Mexicanos*, 962 F.2d 528 (5th Cir. 1992) and other inapposite cases. None of these cases support denying discovery here. In *Arriba*, the plaintiff alleged "generalized conspiratorial allegations" that could not "be proved without massive, intrusive discovery in Mexico on highly sensitive domestic issues." *Id.* at 536. The Fifth Circuit also found that the plaintiff failed to allege a single activity in or directly affecting the United States. *Id.* at 534. Similarly, in *Evans v. Petroleos Mexicanos (PEMEX)*, 2006 WL 952265, at *2 (5th Cir. Apr. 13, 2006), the Fifth Circuit ruled that the factual allegations did not establish a U.S. connection.

This case is unlike *Arriba* and *Evans*. Lycée has alleged—and the existing record already shows—direct effects at a school located in New Orleans. *Petition ¶¶1, 5*. AEFE's actions have caused direct effects in New Orleans, causing Lycée to lose 191 students and approximately $2.43 million reduction in MFP revenue, forcing layoffs, and compelling the closure of nine classes. *Id.*

---

[3] *See, e.g., Janvey v. Libyan Inv. Auth.*, 840 F.3d 248, 254 (5th Cir. 2016) (observing that the parties were permitted jurisdictional discovery under the FSIA); *UNC Lear Servs., Inc.*, 581 F.3d at 214 ("The district court allowed jurisdictional discovery on the FSIA and forum non conveniens issues."); *Can-Am Int'l, LLC v. Republic of Trinidad & Tobago*, 169 F. App'x 396, 401 (5th Cir. 2006) ("The district court denied the motion because it needed discovery to decide the issue of whether the FSIA applied to Appellees."); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 171 (5th Cir. 1994) (permitting jurisdictional discovery related to FSIA immunity before ruling on defendant's motion to dismiss); *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 475 (5th Cir. 1985) ("The district court correctly decided that the record does not permit it to decide whether it has jurisdiction over C.E.P.E. and ordered further discovery to enable the essential facts to be determined."); *Lee v. Taipei Econ. & Cultural Representative Office*, 716 F. Supp. 2d 626, 632 (S.D. Tex. 2009) (permitting jurisdictional discovery to evaluate FSIA immunity); *Wahba v. Nat'l Bank of Egypt*, 457 F. Supp. 2d 721, 724 (E.D. Tex. 2006) ("[The court determined that the plaintiffs had pleaded a *prima facie* case of jurisdiction under the FSIA sufficient to allow jurisdictional discovery."); *Matter of Arbitration Between Trans Chem. Ltd. & China Nat. Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 274 (S.D. Tex. 1997) ("To evaluate CNMC's status as an agency or instrumentality of the People's Republic of China the court has fashioned a comprehensive discovery plan permitting affidavits, reports, deposition testimony, and extensive briefing on Chinese law and CNMC's status under that law."), *aff'd sub nom. Trans Chem. Ltd. v. China Nat. Mach. Imp. & Exp. Corp.*, 161 F.3d 314 (5th Cir. 1998).

[4] *See, e.g., Intercontinental Indus. Corp. v. Wuhan State Owned Indus. Holdings Co., Ltd.*, 619 F. App'x 592, 595 (9th Cir. 2015); *Filus v. Lot Polish Airlines,* 907 F.2d 1328, 1332 (2d Cir. 1990); *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 449 (D.C. Cir. 1990); *Agurcia v. Republica De Honduras*, 2020 WL 5803001, at *4 (M.D. Fla. May 22, 2020).

at *¶¶27, 28, 29, 30.* AEFE entered into a Collaboration Agreement with Lycée under which it provides services in exchange for per-student contributions, training fees, and other payments—a contractual, revenue-generating relationship that is unlike the speculative, attenuated allegations in *Arriba*. AEFE's probation decision also violates the Collaboration Agreement and is contrary to AEFE's obligation to follow Louisiana law under the Collaboration Agreement. *Id. at ¶34.*

AEFE next relies on *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 852 (5th Cir. 2000). In that case, the court declined jurisdictional discovery because the plaintiff failed to seek discovery for over three months and after the motion to dismiss was pending. In direct contrast, Lycée acted diligently and immediately requested discovery at the status conference following removal and before responding to AEFE's motion to dismiss. Thus, *Kelly* does not apply here.

In sum, the Fifth Circuit and other courts have permitted discovery related to FSIA immunity and *forum non conveniens* and allow such discovery when there are direct effects in the United States and the relevant documents reside exclusively with the defendant. The court should grant Lycée's motion.

### III.    AEFE's argument related to the commercial activity is premature.

AEFE further argues that the commercial activity exception does not apply. However, the question before the court on this motion is not whether the exception applies but whether Lycée has shown a reasonable basis to believe jurisdictional discovery will yield facts relevant to that exception. *See generally Fielding v. Hubert Burda Media, Inc., et al.*, 415 F.3d 419, 429 (5th Cir. 2005). AEFE asks the court to make a finding on the merits of the exception based solely on AEFE's own curated record, without affording Lycée any opportunity to test AEFE's factual assertions. This is putting the cart before the horse. The point of jurisdictional discovery is to traverse AEFE's factual allegations and access information solely held by AEFE.

AEFE's reliance on *Arriba* is misplaced. In *Arriba*, discovery was denied because the plaintiff's own complaint did not allege that its claims were based on the defendant's commercial activity. 962 F.2d at 534. The plaintiff merely pointed to the defendant's general commercial operations. *Id.* Here, Lycée has identified specific commercial activity: AEFE's contractual, fee-based, service-provider relationship with Lycée under the Collaboration Agreement. AEFE provides professional training, recruitment, examination assistance, and financial-aid processing in exchange for per-student contributions of $30 and $40, training fees of $75 per day, and other payments, with an estimated annual budget of $432,790. AEFE itself admits it "acts as the service provider to support foreign schools." These are the hallmarks of commercial activity. *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 614 (1992).

Similarly, *City School of Detroit v. Government of France*, 1990 U.S. Dist. LEXIS 19577 (E.D. Mich. 1990) affords AEFE no better support. That case involved a simple funding grant tied to accreditation. The court found the Government of France did not "directly manage the school, purchase goods or supplies of the school, lease property for the school or engage in a contract with the school to pay the tuition of the French schoolchildren." *Id.* at *8–*9. Here, AEFE and Lycée are parties to a Collaboration Agreement that includes a Louisiana choice-of-law provision, financial terms governing per-student fees and invoicing structures, and an array of service obligations. AEFE's analogies to military service contracts (*UNC Lear Services*) and state social insurance programs (*Anglo-Iberia*) only underscore the point that the nature of AEFE's activities is a disputed factual question that cannot be resolved on AEFE's self-serving declaration. AEFE concedes that AEFE collects fees and is party to a contract, but dismisses these as "nominal" and "vaguely commercial." The court should allow discovery on these issues.

**IV.      The requested jurisdictional discovery relates to Lycée's claims against AEFE.**

Finally, AEFE argues that the requested jurisdictional discovery does not relate to Lycée's claims. AEFE is wrong. Lycée's claims are directly based upon AEFE's conduct in improperly placing Lycée under probation by violating the Collaboration Agreement—a contract under which AEFE provides services to Lycée in exchange for per-student contributions, training fees, and other payments. These are exactly the type of commercial, service-based arrangements that private parties regularly engage in within the marketplace. The Collaboration Agreement's choice-of-law provision further demonstrates that AEFE voluntarily entered into a contractual relationship that contemplates application of the law of the jurisdiction where the school operates—Louisiana—further evidencing the commercial and localized nature of AEFE's relationship with Lycée.

In sum, Lycée's claims arise directly from AEFE's conduct in placing Lycée on probation by violating the Collaboration Agreement—the very contractual, service-provider relationship that AEFE itself acknowledges. Granting limited discovery will not decide the merits or deprive AEFE of any defense. It will allow the court to decide all jurisdictional questions on a tested record.

Based on the foregoing, the court should grant Lycée's motion for limited discovery.

Respectfully submitted:

**ADAMS & REESE LLP**

*/s/ Mark R. Beebe_____*
Mark R. Beebe (#19478)
Lee C. Reid (#26481)
John F. Pontin V (#41378)
Diana Cole Surprenant (#33399)
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Phone: (504) 581-3234; Fax (504) 566-0210
Mark.Beebe@arlaw.com
Lee.Reid@arlaw.com
Jack.Pontin@arlaw.com
Diana.Surprenant@arlaw.com

10

*Attorneys for Plaintiff Lycée Français International de la Louisiane*