**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LYCÉE FRANÇAIS INTERNATIONAL DE LA LOUISIANE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 26-946** |
| **AGENCE POUR L'ENSEIGNEMENT FRANÇAIS À L'ÉTRANGER a/k/a AGENCY FOR FRENCH EDUCATION ABROAD** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff Lycée Français International de la Louisiane's Motion for Leave to Amend Petition (Doc. 22). For the following reasons, Plaintiff's Motion is **GRANTED**.

## BACKGROUND

Plaintiff Lycée Français International de la Louisiane is a bilingual New Orleans public charter school that receives its state accreditation from the Louisiana Department of Education. Plaintiff also receives accreditation through the Government of France for its bilingual French education curriculum. Defendant Agence Pour L'enseignement Français À L'étranger a/k/a Agency for French Education Abroad is a public institution under the supervision of the French Ministry of Europe and Foreign Affairs. Plaintiff brought this action in the Civil District Court for the Parish of Orleans ("CDC") seeking injunctive relief restraining Defendant from (1) taking adverse action affecting its French accreditation status; (2) conducting on-site inspections during the 2025-2026 Louisiana Educational Assessment Program standardized testing period, and; (3) requiring Plaintiff to produce certain

documentation for a ninety-day period. The CDC granted Plaintiff's request for a temporary restraining order on May 1, 2026 and set a hearing on Plaintiff's request for a preliminary injunction. Before the CDC's hearing on the preliminary injunction could occur, Defendant removed this action invoking this Court's jurisdiction for actions against foreign states pursuant to 28 U.S.C. § 1330(a).[1]

On May 6, 2026, Defendant filed a Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction because Defendant is immune from suit under the Foreign Sovereign Immunities Act ("FSIA").[2] Defendant's Motion to Dismiss also argued that this matter should be dismissed based on the doctrines of *forum non conveniens* and international comity abstention. Plaintiff then filed a Motion for Limited Jurisdictional Discovery and Continuance of Submission Date ("Motion for Jurisdictional Discovery") wherein it requested the opportunity to conduct discovery to support its contention that Defendant is not immune from suit under the FSIA's commercial activity exception.[3] Plaintiff then filed a motion asking the Court to continue the submission date of Defendant's Motion to Dismiss based on its pending request to conduct jurisdictional discovery, arguing that discovery is

---

[1] 28 U.S.C. § 1330(a) provides that "[t]he district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement."

[2] *See id.* at § 1604 ("Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter.").

[3] *See id.* at § 1605(a)(2) (providing that a foreign state is not immune under the FSIA when "the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States").

necessary to oppose the Motion to Dismiss. Accordingly, the Court continued the submission date of the Motion to Dismiss. In response, Defendant filed its own motion, asserting that it is unnecessary to address the Motion for Jurisdictional Discovery before the Motion to Dismiss because the Court could dismiss the action based on the *forum non conveniens* and international comity abstention arguments alone. Because those two issues may be properly decided before the jurisdictional issue in this suit, the Court exercised its discretion to address Defendant's *forum non conveniens* and abstention arguments before addressing the need for jurisdictional discovery or subject matter jurisdiction.[4]

Before the Motion to Dismiss—limited to the *forum non conveniens* and international comity abstention arguments—was submitted, Plaintiff filed the instant Motion seeking to add a breach of contract claim regarding the Collaboration Agreement between the parties. Defendant opposes.

## LEGAL STANDARD

Rule 15(a)(2) requires that leave to amend be freely given "when justice so requires."[5] "A decision to grant leave to amend is within the discretion of the trial court."[6] "However a 'district court must possess a "substantial reason" to deny a request for leave to amend.'"[7] When denying a motion to amend, the court must have a "substantial reason" considering such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the

---

[4] *See* Doc. 20.

[5] FED. R. CIV. P. 15(a)(2).

[6] Hosp. Housekeeping Sys., LLC v. Calvey, No. 23-1309, 2024 WL 263512, at *2 (E.D. La. Jan. 24, 2024) (citing United States *ex rel.* Lin v. Mayfield, 773 F. App'x 789, 790 (5th Cir. 2024)).

[7] *Id.* (citing *Mayfield*, 773 F. App'x at 790 (quoting Smith v. EMC Corp., 393 F. 3d. 590, 595 (5th Cir. 2004)).

opposing party . . . and futility of the amendment."[8] An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion.[9]

## LAW AND ANALYSIS

Plaintiff argues that it should be granted leave to amend because it has not yet amended and the proposed amended complaint merely makes explicit what was implicit in its original pleading. Defendant opposes, arguing that the proposed amendment is made in bad faith and would cause undue prejudice. Defendant further argues that the proposed amendment would be futile.

To be sure, the procedural posture and jurisdictional questions raised in this suit make the resolution of this Motion somewhat complicated. Defendant's Motion to Dismiss, which argues in part that the Court lacks subject matter jurisdiction under the FSIA, and Plaintiff's Motion for Jurisdictional Discovery remain pending. In its Opposition to the instant Motion, Defendant contends that "the proposed amendment does not affect the FSIA analysis" and denies that the Court has subject matter jurisdiction over this suit.[10] Plaintiff takes no position on this issue but contends that leave to amend may be granted before resolving jurisdictional issues.[11] It is unclear whether the proposed amended complaint will have a material effect on the resolution of the jurisdictional dispute or the Motion for Jurisdictional Discovery, as the parties have not fully briefed the issue here.[12] While the

---

[8] Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014) (citation modified).

[9] *Id.*

[10] Doc. 24 at 2.

[11] *See* Doc. 26 at 3.

[12] That said, the far-from-random timing of the instant Motion to Amend indicates that the proposed amendment has some bearing on the Court's jurisdictional analysis. Plaintiff's Motion for Jurisdictional Discovery argues that the commercial activity exception to the FSIA may apply because the Collaboration Agreement forms the basis of the parties' relationship in this suit. In response, Defendant pointed out that "the only relevant acts for purposes of

Court should not grant leave to amend where it is clear that it lacks subject matter jurisdiction,[13] the jurisdictional dispute has not been resolved here, and the Court believes that amendment may clarify the parties' positions given the nature and burdens of the FSIA analysis.[14]

Further, the Court finds that concerns regarding judicial efficiency and economy weigh more heavily than Defendant's concerns regarding bad faith, prejudice, and futility. The Court agrees with Plaintiff that "[c]onsolidating all of [its] claims in a single proceeding through amendment is far more efficient and far less prejudicial to [Defendant] than requiring parallel litigation."[15] Should the Court determine that this suit may proceed under the commercial activity exception to the FSIA, Defendant may appropriately raise any Rule 12(b)(6) arguments at a later stage.[16] Likewise, if the Court rules that it lacks subject matter jurisdiction over this dispute as amended, Defendant's Rule 12(b)(6) arguments become moot. "Allowing amendment gives Plaintiff an

---

jurisdiction under the FSIA are those acts that form the basis of the plaintiff's complaint," and argued that Plaintiff's claims as pleaded are unrelated to any purported commercial activity. Doc. 16 at 3 (quoting Arriba Ltd. v. Petroleos Mexicanos, 962 F.2d 528, 534 (5th Cir. 1992)). Then, just eight minutes before filing its reply to its Motion for Jurisdictional Discovery, Plaintiff requested leave to amend to add a claim for breach of the Collaboration Agreement.

[13] *See* Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) ("A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir.1996))).

[14] *See* Kelly v. Syria Shell Petrol. Dev. B.V., 213 F.3d 841, 847 (5th Cir. 2000) ("[A]lthough a party claiming FSIA immunity retains the ultimate burden of persuasion on immunity, it need only present a prima facie case that it is a foreign state; and, if it does, the burden shifts to the party opposing immunity to present evidence that one of the exceptions to immunity applies.").

[15] Doc. 26 at 5.

[16] "Indeed, courts often defer addressing the futility issue in relation to a Rule 15 motion to allow resolution of the issue in the context of a Rule 12 motion." Moller v. Martian Sales, Inc., No. 24-228, 2025 WL 890699, at *5 (E.D. La. Mar. 21, 2015) (first citing Norman v. Webster, No. 24-240, 2025 WL 699681, at *4 (E.D. La. Feb. 28, 2025); then citing Tesla, Inc. v. La. Auto. Dealers Ass'n, No. 22-2982, 2023 WL 9059650, at *7 (E.D. La. Jan. 11, 2023); and then citing Medarc, LLC v. Aetna Health Inc., No. 20-3646, 2022 WL 743520, at *2 (N.D. Tex. Mar. 11, 2022)).

opportunity to 'plead [its] best case' before asking the court to rule on the motion to dismiss."[17] As such, the Court will grant Plaintiff leave to file its proposed amended complaint.

The filing "of an amended compliant may render moot a pending motion to dismiss."[18] As set forth above, it is not clear what effect Plaintiff's amendment will have on the Motions to Dismiss and for Jurisdictional Discovery.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Petition (Doc. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 6) and Plaintiff's Motion for Limited Jurisdictional Discovery and Continuance of Submission Date (Doc. 9) are **DENIED AS MOOT**.

New Orleans, Louisiana this 22nd day of July, 2026.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[17] *Id.* at *5 (citing Louisiana v. Bank of Am. Corp., No. 19-638, 2020 WL 3966875, at *3 (M.D. La. July 13, 2020)).

[18] Bardell v. Jefferson Par. Sch. Bd., No. 20-03245, 2022 WL 298840 at *1 (E.D. La. Feb. 1, 2022) (citing, *inter alia*, Rodriguez v. Xerox Bus. Servs., LLC, No. EP-16-CV-41-DB, 2016 WL 8674378, at *1 (W.D. Tex. June 16, 2016)).