**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**LYCÉE FRANÇAIS INTERNATIONAL DE LA LOUISIANE** — **CIVIL ACTION**

**VERSUS** — **NO: 26-946**

**AGENCE POUR L'ENSEIGNEMENT FRANÇAIS À L'ÉTRANGER a/k/a AGENCY FOR FRENCH EDUCATION ABROAD** — **SECTION "H"**

## ORDER AND REASONS

Before the Court is Plaintiff Lycée Français International de la Louisiane's Motion for Limited Jurisdictional Discovery and Continuance of Submission Date (Doc. 31). For the following reasons, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

Plaintiff Lycée Français International de la Louisiane is a bilingual New Orleans public charter school that receives its state accreditation from the Louisiana Department of Education. Plaintiff also receives accreditation through the Government of France for its bilingual French education curriculum. Defendant Agence Pour L'enseignement Français À L'étranger a/k/a Agency for French Education Abroad ("AEFE") is a public institution under the supervision of the French Ministry of Europe and Foreign Affairs. Plaintiff brought this action in the Civil District Court for the Parish of Orleans ("CDC") seeking injunctive relief restraining Defendant from (1) taking

adverse action affecting its French accreditation status; (2) conducting on-site inspections during the 2025-2026 Louisiana Educational Assessment Program standardized testing period, and; (3) requiring Plaintiff to produce certain documentation for a ninety-day period. The CDC granted Plaintiff's request for a temporary restraining order on May 1, 2026 and set a hearing on Plaintiff's request for a preliminary injunction. Before the CDC's hearing on the preliminary injunction could occur, Defendant removed this action invoking this Court's jurisdiction for actions against foreign states pursuant to 28 U.S.C. § 1330(a).[1]

Defendant thereafter filed a Motion to Dismiss ("First Motion to Dismiss"), arguing that the Court lacked subject matter jurisdiction because Defendant is immune from suit under the Foreign Sovereign Immunities Act ("FSIA").[2] The First Motion to Dismiss also argued that this matter should be dismissed based on the doctrines of *forum non conveniens* and international comity abstention. In response, Plaintiff filed a Motion for Limited Jurisdictional Discovery and Continuance of Submission Date ("First Motion for Jurisdictional Discovery") wherein it requested the opportunity to conduct discovery to support its contention that Defendant is not immune from suit under the FSIA's commercial activity exception.[3] Before the Court addressed

---

[1] 28 U.S.C. § 1330(a) provides that "[t]he district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement."

[2] Doc. 6; s*ee* 28 U.S.C. § 1604 ("Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter.").

[3] Doc. 9; s*ee* 28 U.S.C. § 1605(a)(2) (providing that a foreign state is not immune under the FSIA when "the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of

either motion, Plaintiff sought leave to amend its Complaint and add a breach of contract claim regarding a Collaboration Agreement between the parties. The Court granted Plaintiff leave to file its Amended Complaint and denied the pending motions in the interest of judicial efficiency.[4]

On August 5, 2026, Defendant filed a new motion to dismiss ("Second Motion to Dismiss") wherein it re-urged the same three defenses raised in its First Motion to Dismiss.[5] On August 11, 2026, Plaintiff filed the instant Motion for Limited Jurisdictional Discovery and Continuance of Submission Date and moved to expedite same. The Court granted Plaintiff's request for expedited briefing and consideration.

## LAW AND ANALYSIS

Plaintiff moves for leave to conduct discovery regarding each defense raised in Defendant's Second Motion to Dismiss, being (1) immunity from suit under the FSIA; (2) *forum non conveniens* and; (3) international comity abstention. Plaintiff also asks to continue the submission date of the Second Motion to Dismiss so that it may conduct its requested discovery before filing an opposition. Defendant opposes. The Court will address whether Plaintiff is entitled to discovery on Defendant's jurisdictional defense before turning to discovery on Defendant's other two defenses.[6]

---

the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States").

[4] Doc. 27.

[5] Doc. 29.

[6] While Plaintiff labels each defense "jurisdictional," the *forum non conveniens* doctrine addresses forum and the international comity abstention doctrine concerns whether a Court should restrain its own jurisdictional authority in regard for the sovereignty of foreign courts, fairness, and efficiency. 14D. WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3828 (2026); 32A AM. JUR. 2d *Federal Courts* § 1007 (2026).

## I. Jurisdictional Discovery

Under the FSIA, foreign states, including their political subdivisions, agencies, and instrumentalities, are "immune from the jurisdiction of the courts of the United States and of the States," subject to certain exceptions.[7] A foreign state is not immune, however, when:

> [T]he action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.[8]

This provision of the FSIA is known as the commercial activity exception. Plaintiff seeks discovery in support of its argument that the commercial activity exception applies to this suit.

"[W]hile a court should determine whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, some jurisdictional discovery may be warranted if the issue of subject matter jurisdiction turns on a disputed fact."[9] In such cases, "the court is given the authority to resolve factual disputes, along with the discretion to devise a method for making a determination with regard to the jurisdictional issue."[10] "The court's authority to consider evidence presented beyond the pleadings allows it to devise a procedure which may include considering affidavits, allowing further discovery, hearing oral testimony, [and] conducting an evidentiary hearing."[11] "As the party opposing dismissal and requesting

---

[7] 28 U.S.C. § 1603–04.
[8] *Id.* at § 1605(a)(2).
[9] *In re* MPF Holdings US LLC, 701 F.3d 449, 457 (5th Cir. 2012).
[10] Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994).
[11] *Id.*

discovery, [Plaintiff] bear[s] the burden of demonstrating the necessity of discovery."[12]

When a party claims FSIA immunity, "unlimited jurisdictional discovery is *not* permitted as a matter of course" because "FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation."[13] Jurisdictional discovery regarding the FSIA should, therefore, "be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination."[14] A court abuses its broad discretion to deny FSIA discovery and grant a motion to dismiss where the movant seeks discovery regarding "a discrete issue conducive to limited discovery, the relevant [information] reside[s] exclusively with the defendant, and [the plaintiff] never received an opportunity for even narrowly tailored discovery."[15]

In the context of the FSIA's commercial activity exception, "[t]he cases recognized by the Fifth Circuit as warranting jurisdictional discovery involved 'allegations of *specific facts* that, if proved, sustained a nexus between particularized [non-immune] activity and the claims asserted by the plaintiff.'"[16] Plaintiff fails on this point. Instead of making specific allegations, Plaintiff repeatedly asks for discovery to "test," "examine," "explore," and "controvert" Defendant's factual allegations and evidence and to determine "whether AEFE acted like a private market participant rather than a

---

[12] Monkton Ins. Servs., Ltd. v. Ritter, 768 F.3d 429, 434 (5th Cir. 2014) (quoting Davila v. United States, 713 F.3d 248, 264 (5th Cir. 2013)).

[13] Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 849 (5th Cir. 2000).

[14] *Id.* (citing Arriba Ltd. v. Petroleos Mexicanos, 962 F.2d 528, 534 (5th Cir. 1992).

[15] Box v. Dallas Mexican Consulate Gen., 487 F. App'x 880, 885 (5th Cir. 2012).

[16] First Invest. Corp. of the Marshall Islands v. Fujian Mawei Shipbuilding, Ltd. of the People's Republic of China, 858 F. Supp. 2d 658, 681 (E.D. La. 2012) (quoting *Arriba*, 962 F.2d at 534 & n.17 (emphasis in original)).

sovereign regulator" in relation to Plaintiff's claims.[17] The Court cannot permit such a fishing expedition.

Further, Plaintiff's proposed discovery is not narrowly tailored. The commercial activity exception to the FSIA only applies if Plaintiff's "cause of action [is] 'based upon' a certain act or activity of the foreign state, that is, the act or activity must form the basis of at least some element of the cause of action."[18] The inquiry does not hinge on "whether the defendant generally engages in a commercial enterprise or activity . . . ; rather, it [hinges] on whether the particular conduct giving rise to the claim in question constitutes or is in connection with commercial activity, regardless of the defendant's generally commercial or governmental character."[19] Defendant's financial records, other contracts and relationships with other schools or third parties, and other contacts with the United States are simply irrelevant to that inquiry.

Even assuming Plaintiff alleged specific facts and narrowly tailored its requested discovery towards those facts, Plaintiff does not persuade the Court that the information it seeks is exclusively within Defendant's control. It seems implausible to this Court that Plaintiff has *no* knowledge of the specific services contemplated in the Collaboration Agreement—to which both parties agreed—such that it could not produce evidence or credibly argue that Defendant breached obligations that are commercial in nature. Accordingly, Plaintiff's request for discovery bearing on the FSIA analysis is denied.

---

[17] Doc. 31-1 passim. While Plaintiff alleges that Defendant breached certain portions of the parties' Collaboration Agreement, Plaintiff does not allege or argue, either in its Motion or its Amended Complaint, how the purported breaches are commercial in nature. *See also* Doc. 28.

[18] Voest-Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887, 892 (5th Cir. 1998).

[19] de Sanchez v. Banco Central De Nicaragua, 770 F.2d 1385, 1391 (5th Cir. 1985) (quoting Arango v. Guzman Travel Advisors Corp., 621 F.2d 1371, 1379 (5th Cir. 1980)). "First, we must define with precision the relevant activity. This requires focusing on the acts of the named defendant, not on other acts that may have had a casual connection with the suit." *Id.* (citing Callejo v. Bancomer, S.A., 764 F.2d 1101, 1109 (5th Cir. 1985)).

## II. Discovery Regarding *Forum Non Conveniens* & International Comity Abstention

Having determined that Plaintiff is not entitled to its requested jurisdictional discovery, Plaintiff's request for discovery regarding the *forum non conveniens* and international comity abstention issues should not be addressed until the Court addresses the subject matter jurisdiction dispute before it.[20] While it is permissible for a court to circumspectly order limited jurisdictional discovery where a defendant invoked immunity under the FSIA,[21] this Court cannot order non-jurisdictional, albeit non-merit, discovery where addressing the jurisdictional issue is the most proper—and least burdensome—approach.[22] The Court previously stated that it could address the *forum non conveniens* and international comity abstention issues presented in Defendant's First Motion to Dismiss before deciding jurisdiction under the FSIA, but addressing the non-jurisdictional issues first was the least burdensome approach at that time.[23] The instant Motion presents the opposite

[20] "[I]t is of course true that once a court determines that jurisdiction is lacking, it can proceed no further and must dismiss the case on that account. In that scenario '*forum non conveniens* can never apply.'" *Sinochem*, 549 U.S. at 434. Similarly, the Court cannot "apply the doctrine of comity among nations unless we first determine that we have subject matter jurisdiction." Torres v. S. Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997); *but see Sinochem*, 549 U.S. at 436.

[21] *Kelly*, 213 F.3d at 849.

[22] *Sinochem*, 549 U.S. at 436 ("In the mine run of cases, jurisdiction 'will involve no arduous inquiry' and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum 'should impel the federal court to dispose of [those] issue[s] first.' But where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587–88, (1999))).

[23] Plaintiff's First Motion for Jurisdictional Discovery did not seek discovery on those issues. Doc. 20 (citing *Sinochem*, 549 U.S. at 436). The Court notes that Plaintiff's reply to its First Motion for Jurisdictional Discovery stated that the discovery it sought "bears directly on [the *forum non conveniens* and abstention] issues as well." Doc. 21 at 1. While there may be some overlap in the facts that support each issue, Plaintiff's First Motion for

scenario where, because the jurisdictional discovery Plaintiff requests is unwarranted, principles of judicial efficiency and international comity demand that jurisdiction be addressed first.[24] In the event this Court determines that it does have subject matter jurisdiction over this matter, Plaintiff may re-urge its request for discovery as to the remaining issues.

## CONCLUSION

Plaintiff has not shown entitlement to preliminary discovery. Despite this determination, the Court will grant Plaintiff's request to continue the submission date of Defendant's Second Motion to Dismiss.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion is **DENIED** to the extent it seeks jurisdictional discovery. Plaintiff's Motion is **GRANTED** to the extent it seeks to continue the submission date of Defendant's Motion to Dismiss.

---

Jurisdictional Discovery raised no argument regarding the non-jurisdictional issues. *See* Doc. 9; Doc. 31.

[24] *See* Preble-Rish Haiti, S.A. v. BB Energy USA, LLC, No. 21-20534, at *2 (5th Cir. Nov. 4, 2021) ("A district court must rule on an immunity defense properly raised in a motion to dismiss before allowing *any* discovery that is not 'ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination.'" (emphasis added) (quoting *Kelly*, 213 F.3d at 849)) (per curiam); s*ee also Sinochem*, 549 U.S. at 436. Further, Plaintiff cites no authority where a court has ordered non-jurisdictional discovery before addressing jurisdictional issues. The only example Plaintiff cites where a district court allowed *simultaneous* discovery on FSIA jurisdiction and other non-merits issues does not undermine this Court's approach. *See* UNC Lear Servs., Inc. v. Kingdom of Saudi Arabia, 581 F.3d 210, 214 (5th Cir. 2009) (mentioning that "[t]he district court allowed jurisdictional discovery on the FSIA and forum non conveniens issues" when describing relevant procedural background and before addressing whether the district court properly denied a motion to dismiss). In that case, the district court's reasons were given orally and are, therefore, inaccessible to this Court. *See* UNC Lear Servs., Inc. v. Kingdom of Saudi Arabia, No. 5:04-cv-01008-WRF, Dkt. No. 48 at 1 (W.D. Tex. Mar. 2, 2006) ("In accordance with the Court's statements at the December 7, 2005 hearing . . . , the Court hereby orders as follows . . . the parties shall be allowed to conduct discovery relevant to: (i) Defendants' motion to dismiss for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act, and (ii) Defendants' motion to dismiss under the doctrine of *forum non conveniens*."). The Court sees no reason to employ that court's course of action here.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 29) is **RESET** for submission on September 9, 2026.

New Orleans, Louisiana this 17th day of August, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**